**CLINTON CO NATIONAL BANK & TRUST CO et v TODHUNTER et**

Ohio Appeals, 1st Dist, Clinton Co

No 91. Decided July 14, 1931

John P. Phillips, Chillicothe and Smith, Rogers & Smith, Wilmington, for plaintiff.

Clevenger & Cartwright and George C. Barnes, Wilmington, for defendants.

ROSS, PJ.

I

The question involving the item of the will is presented in the petition thus:

"Third:—By the provisions of Item 13th, of said will, the sum of Ten Thousand Dollars is bequeathed to the Sabina Cemetery Association, 'for the purpose of erecting, a Chapel on the Sabina Cemetery Ground, near the entrance of the same. The above amount is given to help said Association to erect said Chapel, whatever additional funds are needed for the purpose can be raised by subscription from those who are interested and willing to contribute for such a purpose. If this bequest is accepted I want my name placed over the door of the Chapel as a superscription to my memory.' The question here involved is whether the stipulated legacy of Ten Thousand Dollars is to be paid over to said Association, by these Executors, on a formal, written acceptance thereof, and receipt therefor, by

the said Association, or should the said Association be required, as a condition precedent to the paying of said fund to it, be required to set up what sum will be necessary to build and equip a chapel, and if the sum so bequeathed in said will is not sufficient to defray all of the expenses thereof, then, by subscription or otherwise, provide the necessary additional funds before the bequest is paid over to it."

It is the obvious intention of the testator that the bequest to the Cemetery Association shall be used by it "for the purpose of erecting a chapel on the Sabina Cemetery Ground near the entrance to same", and which shall bear her name. By accepting such sum from the Executors the Association will be bound to use such bequest for the purpose specified, and be barred from using it for any other purpose. The Executors are not required to obtain any guaranty from the Association, as the fund is amply protected by the stipulation of the trust attaching to it in the hands of the Association. Naturally if the Association is not willing to accept the fund impressed with the continuing limitations as to its use, it can not take the bequest from the Executors.

## II

As to the codicil. The question is raised by the amended cross-petition of Vergie Lee Sells, who alleges therein that:

"she is the daughter of Isaac Pavey, deceased, who was a full brother of the testatrix, Sophia Venneman, and as such daughter she is entitled to a full share of the estate of said Sophia Venneman as provided in the residuary clauses of the will of said Sophia Venneman and the codicils thereto. She avers that said testatrix knew that she was a daughter of Isaac Pavey and recognized her as such daughter and intended her to be included in the residuary clauses of her said will."

It is admitted by all concerned that the cross-petitioner is the daughter of Isaac Pavey, and the evidence upon this point is completely conclusive.

It is also admitted that Isaac Pavey is the full brother of the testator. Her designation is not the heirs at law of the brothers, but the "children of my brothers".

Nor is this a case of intestacy, requiring the intervention of the statute of inheritance.

There would seem, therefore, nothing to prevent the cross-petitioner taking under the language of the codicil.

It is claimed, however, that the testator intended only the "legitimate" children of her brothers and sisters to benefit by her bequest. While we find no justification for writing such interpolated modification into the will, especially in view of the fact that the testatrix knew of the status of the cross-petitioner, since all parties concerned have addressed themselves at length to a contest upon the point of legitimacy, we feel called upon to pass upon such claim and the evidence.

Sec 8591 GC is as follows:

"When, by a woman a man has one or more children, and afterwards intermarries with her, such issue of, acknowledged by him as his child or children, will be legitimate. The issue of parents whose marriage is null in law, shall nevertheless be legitimate."

Isaac Pavey, after having been married for many years, and having reared a large family, while his wife still lived, became acquainted with the mother of the cross-petitioner. Close intimacy followed this acquantance, and in a short time thereafter they left the neighborhood where they had lived, ultimately reaching Greenfield, Texas, where they stayed for a number of months. Upon their return to the vicinity of their former home here in Ohio, they both acknowledged the child as their own and stated that they had been married in Texas.

Without reviewing the evidence in detail it is sufficient to say that there is ample to justify a conclusion that Isaac Pavey and the mother of the cross-petitioner were married. We consider wholly immaterial the controversy over the date of the birth of the cross-petitioner. She was beyond question the issue of **parents** whose marriage was null and void, and as such is, "nevertheless, legitimate".

We, hold therefore, that the cross-petitioner, was a niece of the testatrix a child of the full brother of the testatrix, and under the statute and the evidence a legitimate child, if such qualification is necessary to entitle her to take under the will of her deceased aunt, the testatrix.

A decree may be entered accordingly.

HAMILTON, J and CUSHING, J, concur.