**SAYRE, Appellant v. STOLL et, Apppellee.**

Ohio Appeals, First District, Hamilton County.

No. 6281.   Decided July 6, 1943.

Mr. John W. Cowell, Cincinnati, for appellant.
Mr. Robert H. Hinds, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

This appeal raises one question and that is whether it is necessary to serve summons upon the defendant upon an appeal on law

and fact to the Common Pleas Court by the plaintiff from a judgment rendered by a justice of the peace in favor of the defendant.

The answer to the question is to be found in a proper construction of §§10382 to 10398 GC, both inclusive, and particularly §10387 GC, appeals on law and fact from justices of the peace being expressly excepted by §12223-3 GC, from the operation of the Appellate Procedure Act, effective January 1st, 1936.

The record shows that the plaintiff gave the appeal bond in the justice's court within ten days and lodged a transcript of the proceedings before the justice in the office of the clerk of the Common Pleas Court within 30 days and the petition on appeal before the third Saturday thereafter, as required by law. No praecipe for summons was filed and no summons served on the defendant after the petition on appeal was filed. About nine months after the petition on appeal was filed, the defendants disclaiming any intention to enter their appearance, moved to dismiss the petition on appeal on the ground that the court has not acquired jurisdiction of the person of the defendants. Upon hearing this motion the court sustained it and entered an order dismissing the petition which we treat as a dismissal of the appeal.

The justice's transcript shows that the defendants had been duly served with summons before him and had filed answers in his court.

Now §10387 GC, is:

"When an appeal is taken from a judgment of a justice of the peace, to the Court of Common Pleas, the plaintiff below shall be plaintiff above; and in all respects, the parties must proceed as if the action originally had been commenced in that court."

The dispute over the meaning of this section seems to result from a divergence of views as to the nature of the proceeding in the Common Pleas Court as to whether it is an entirely independent action or a continuance of the action before the justice. Appeals under the old chancery practice in which a trial de novo was allowed were always regarded as a proceeding in the original action, and this is recognized in the Appellate Procedure Act of 1936 and the principle extended to appeals on law only so that both types of appeals may be taken by simply filing notice of appeal in the trial court in all cases where that act is applicable. Under the old common law practice error proceedings or appeals on law only were regarded as entirely independent of the action brought under review thereby, and for that reason, a summons in error was required to vest the appellate court with jurisdiction over the person of the defendant in error.

Standing alone, we do not regard §10387 GC, as of doubtful meaning. It provides that "in all respects, the parties must proceed

as if the action originally had been commenced" in the Common Pleas Court. That seems to import that all the proceedings before the justice are transported by the appeal to the Common Pleas Court. If so, as soon as the transcript is filed the action that was pending in the justice's court becomes a pending action in the Common Pleas Court with the status shown by the transcript and as the transcript shows that the defendants had been served with summons and also had entered their appearance no further action was required to confer jurisdiction over their person. In other words, if the parties are to proceed as though the action had been originally commenced in the Common Pleas Court, they could not disregard what had been done theretofore. Everything which had been done in the justice's court would have the same effect as if done after the transcript had been filed in the Common Pleas Court except in the respects in which the law expressly provides otherwise.

But, it is pointed out that new pleadings are required by **Section 10398 GC,** by which it is provided:

"The rule day for filing the petition in the court of common pleas in a case appealed from a justice of the peace shall be the third Saturday after the expiration of the time limited for filing the transcript; and the subsequent pleadings shall be filed within such times thereafter as is provided for the filing thereof in cases commenced in that court after the return day of the summons."

It seems to us that in the absence of that section the case would have been heard on the pleadings filed before the justice and that the section was enacted to avoid that result and to secure to the appellant the more formal hearing than that provided by the justice's code. The fact that the section provides that the rule days for pleadings should be computed from the filing of the transcript indicates that the issuance of a summons was not contemplated. This implication is made stronger by the fact that the section refers to summons in other cases.

Although these statutes relating to appeals substantially in their present form have been in force for more than a century, we find no Supreme Court case deciding the exact question, although as early as 1834 that court said in **Austin v. Hayden, 6 Ohio, 388,** that "The transcript is certified up by the justice. It forms a part of the record. **It is the process or means by which the parties get before the court."** And as late at 1909 the Supreme Court said in **Rumbaugh v. Rumbaugh, 80 Oh St 211,** at 213 and 214, that: "The certified transcript of the docket of the justice, filed in due time, furnishes the bridge from one court to the other and it should show how and why the court of common pleas acquired jurisdiction—namely, by appeal."

The precise question was not involved in these cases or, as already noted, in any other Supreme Court case and of course in

these cases the court did not say that another summons was unnecessary, but it did point out the way in which the Common Pleas Court acquired jurisdiction and did not include the requirement of summons.

The absence of an affirmative expression on this precise question seems to have resulted from the fact that from the beginning the bar has assumed that summons was unnecessary and the jurisdiction of the Common Pleas Court was never challenged on that ground.

O'Neal v. Blessing, 34 Oh St 33, which counsel cites did not involve the question of jurisdiction of the Common Pleas Court over the person as to the subject-matter of the action before the justice but rather, as to the jurisdiction of the Common Pleas Court over the party as to a subject-matter, if any, not embraced within the subject-matter before the justice but included in the enlarged subject-matter stated in the petition on appeal; and the court held as to that new matter the party by his action in demurring without raising the objection had entered his appearance as though the action had been filed originally in the Common Pleas Court.

The first paragraph of the syllabus to Netzley v. Solomon et, 63 Oh. Ap 83, is:

"Where a party appeals from a judgment of a justice of peace court to the Common Pleas Court and the other party subsequently files his petition in the Common Pleas Court, the party filing the petition need not have summons issued and served on the party bringing the appeal in order tŏ give the court jurisdiction of the person of the party appealing."

Counsel correctly points out that it was the defendant who appealed in that case and that the court limited its decision to that situation and that the second paragraph of the syllabus makes that clear. The court does not either expressly or by implication say that summons is necessary on an appeal by the plaintiff. The court does quote from Bates Pleading & Practice (4th Ed.) 663, Section 702, on the subject of what action should be taken on the petition on appeal that "the same as in the action originally begun in the common pleas, except that no summons is issued on it."

If a new summons is necessary when a plaintiff appeals in order to invest the Common Pleas Court with jurisdiction over the defendant, a summons would seem to be equally indispensable when the defendants appeal in order to give the Common Pleas Court jurisdiction over the plaintiff. And if summons to the plaintiff is necessary on defendant's appeal, when must it be issued and returned, and of what should it notify the plaintiff? There is no answer to these questions in the statute.

We think the true intent of these statutes is, that the plaintiff by filing his action in the justice's court and the defendants by virtue of service of summons upon him, or by entry of appearance therein, or both, have submitted themselves to the jurisdiction of the court, and that, by the appeal of either, both are brought within the jurisdiction of the Common Pleas Court without further process.

We are further of the opinion that if summons was necessary, delay in issuing it would not oust the court of jurisdiction. At most, it would only be ground for dismissal for failure to prosecute, but we place our decision on the ground that summons is not required.

For these reasons, the judgment is reversed, and the cause remanded for further proceedings according to law.

ROSS, P. J., and HILDEBRANT, J., concur.