ROACH, APPELLANT, *v.* LAUX MOTOR SALES, INC., APPELLEE.

(No. 5304—Decided May 16, 1960.)

*Mr. J. Slater Gibson*, for appellant.
*Mr. James W. Cowell*, for appellee.

SMITH, J.   This cause originated in the County Court of Lucas County, Ohio, of District No. 4, wherein plaintiff, appellant herein, recovered a judgment against the defendant, appellee herein, in the sum of $175.14.   The defendant appealed to the Common Pleas Court on questions of law and fact and filed in said court a bond and transcript of the proceeding in the County Court as provided by statute.   On such appeal, plaintiff failed to file a petition in the Common Pleas Court, and, on motion to dismiss for such failure, said court entered judgment for defendant, from which judgment an appeal on questions of law was filed in this court.

The sole issues before this court are whether in such appeal from the County Court to the Common Pleas Court a new petition is required by statute to be filed in the Common Pleas Court, and whether failure to do so is a ground for dismissal of the action in favor of defendant.

Sections in Chapter 1921 of the Revised Code covering appeals from the newly established County Court to the Common Pleas Court contain, without material change, the provisions of former sections governing appeals from the justice of the peace. The pertinent sections of the Revised Code are as follows:

Section 1921.01. "Either party may appeal from the final judgment of a judge of a County Court, to the Court of Common Pleas of the county in which the judgment was rendered."

Section 1921.02. "When an appeal is taken from a judgment of a judge of a County Court, to the Court of Common Pleas, the plaintiff in the action before the County Court judge is the plaintiff in such court; and in all respects, the parties must proceed as if the action originally had been commenced in that court."

Section 1921.09. "If the defendant appeals from a judgment rendered by a judge of a County Court in favor of the plaintiff, and after filing his transcript and causing such appeal to be docketed, the plaintiff fails to file a petition, or otherwise prosecute it to final judgment, the defendant may file his answer setting up whatever claim or demand he has against such plaintiff and prosecute it to final judgment. If the defendant recovers judgment against the plaintiff, all costs which accrued before the judge of the County Court, and in the Court of Common Pleas, shall be adjudged against the plaintiff, or the defendant, on motion to the Common Pleas Court, may suffer judgment to be entered against him for the amount of the judgment below, in which case all costs which accrued before the judge and in the Common Pleas Court, must be adjudged against such defendant."

Section 1921.16. "The rule day for filing the petition in the Court of Common Pleas in a case appealed from a County Court is the third Saturday after the expiration of the time limited for filing the transcript as provided in Section 1921.04 of the Re-

vised Code; and the subsequent pleadings shall be filed within such time thereafter as are provided for the filing thereof in cases commenced in that court after the return day of the summons.''

The said special sections in the statute are exclusive of the general Appellate Procedure Act wherein Section 2505.03, Revised Code, provides: ''* * * except that appeals from judgments of justices of the peace upon questions of law and fact shall be taken as provided in Sections 1921.01 to 1921.16, inclusive, of the Revised Code.'' In the enactment of legislation establishing County Courts and abolishing the office of justice of the peace, it is apparent that the language in the above-quoted section referring to judgments of justices of the peace was by inadvertence not changed to refer to ''County Court.''

The judgment in the County Court was entered on February 4, 1959, and the transcript was filed in the Common Pleas Court on February 17, 1959. Rule day for filing the petition required by Section 1921.16 was March 21, 1959. The defendant did not file an answer setting up any claim against plaintiff.

The judgment of dismissal by the Common Pleas Court entered on March 1, 1960, reads as follows:

''This day this cause came on for hearing on defendant-appellant's motion to dismiss this appeal and to render final judgment for defendant-appellant and for their costs, and the same was submitted to the court and the court being fully advised in the premises finds said motion well taken and hereby grants same. It is therefore ordered, adjudged and decreed that plaintiff-appellee's cause against defendant-appellant be dismissed and that final judgment be entered for defendant-appellant for failure of plaintiff-appellee to file petition in accordance with Section 1921.09 of the Revised Code of Ohio. Plaintiff-appellee to pay costs. No final record. And, plaintiff-appellee herewith excepts to all of the foregoing order.''

The decisions interpreting former sections of Chapter 1921 of the Revised Code before the establishment of the County Court are directly applicable and controlling in the instant case.

The case of *Talamini* v. *Ulmer*, 23 C. C. (N. S.), 49, 34 C. D., 92, remains positive authority in point. In construing the statutes then existing (unchanged by re-enactment but made to ap-

ply to the County Court), it was held that where a defendant has appealed from a judgment rendered by a justice of the peace, and the plaintiff has failed to file his petition within the time prescribed by statute after the filing of the transcript from the justice of the peace, the Common Pleas Court may enter a judgment of dismissal. A similar conclusion was reached in the same year in *Frazier* v. *Walker*, 10 C. C. (N. S.), 224, 20 C. D., 25.

The appellant urges in the instant case that compliance with the statute was accomplished by appellee's filing of the transcript which contained the original papers in the County Court, including a petition, answer and reply. This contention was refuted in *Sayre* v. *Stoll*, 72 Ohio App., 421, 52 N. E. (2d), 678, by Judge Matthews in his opinion, on page 423, as follows:

"But, it is pointed out that new pleadings are required by Section 10398, General Code [now Section 1921.16, Revised Code], by which it is provided:

" 'The rule day for filing the petition in the Court of Common Pleas in a case appealed from a justice of the peace shall be the third Saturday after the expiration of the time limited for filing the transcript; and the subsequent pleadings shall be filed within such times thereafter as is provided for the filing thereof in cases commenced in that court after the return day of the summons.'

"It seems to us that in the absence of that section the case would have been heard on the pleadings filed before the justice and that the section was enacted to avoid that result and to secure to the appellant a more formal hearing than that provided by the justice's code. The fact that the section provides that the rule days for pleadings should be computed from the filing of the transcript indicates that the issuance of a summons was not contemplated. This implication is made stronger by the fact that the section refers to summons in other cases."

See, also, *Gough* v. *Bobby*, 11 Ohio Law Abs., 451; *Meek* v. *Ray Caldwell, Inc.* (CP), 30 Ohio Opinions, 368; 38 Ohio Jurisprudence (2d), 299, 302, Sections 366, 370.

The judgment of the Common Pleas Court is, therefore, affirmed.

*Judgment affirmed.*

FESS and DEEDS, JJ., concur.