KEENAN, CLAIMANT, v. YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION—THE WARNER & SWASEY CO., EMPLOYER.

Common Pleas Court, Tuscarawas County.

No. 35585.

Plaintiff unrepresented.

*Messrs. Jones, Day, Cockley & Reavis* and *Messrs. Smith, Renner, Hanhart & Miller*, for the employer.

*Mr. Mark McElroy*, attorney general, and *Mr. Alvin C. Vinopal*, assistant attorney general, for the Bureau of Workmen's Compensation.

LAMNECK, J. In this action, the claim of the plaintiff herein, numbered 389657-22 for Workmen's Compensation was decided by the Industrial Commission of Ohio on August 24, 1961. From that order, the plaintiff's employer, The Warner & Swasey Company, a self-insurer, filed a notice of appeal which was filed in this Court on September 30, 1961. The said notice of appeal contains all of the stipulations required by Section 4123.519, Revised Code.

Under the provisions of Section 4123.519, Revised Code, when a notice of appeal has been duly filed and notice given as required by said section, "the claimant *shall within thirty days* after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues."

The claimant failed to file any petition within said period of thirty days or thereafter.

On December 12, 1961, the employer filed a motion in this court to require the claimant to file a petition.

This motion was heard on December 19, 1961. On this same date a pre-trial was held in accordance with Rule 17 of the Rules of Practice of this Court, following a regular assignment.

The question now arises whether the provision requiring the claimant, "within thirty days after the filing of the notice of appeal to file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues" is mandatory and jurisdictional or merely directory.

Under the provisions of said Section 4123.519, Revised Code, it is provided that filing of the notices of appeal with the Industrial Commission "shall be the only act required to per-

fect the appeal and vest jurisdiction in the court." This provision was added to this section by an amendment effective September 7, 1957—127 Ohio Law, 900.

It was shown at the hearings on the motion and on pretrial that notice of the filing of the notice of appeal was given as provided by law. Therefore the appeal of the employer was properly perfected and the court had jurisdiction of the appeal.

Under Section 4123.522, Revised Code, a notice required to be given an interested party is not received by him, he is given twenty days additional time after receipt of an actual notice to take any action afforded to such person. This section has no application to the instant case, because notice of the employer's appeal was received by the claimant in due time, as shown by the evidence presented at the pre-trial.

If the claimant's claim had been denied and he had given notice of appeal as provided by Section 4123.519, Revised Code, it would appear to the court that the requirement of said section requiring him "within thirty days after the filing of the notice of appeal to file a petition setting forth the basis for the jurisdiction of the court over the action, and setting forth the issues" would be mandatory, and his failure to do so would terminate his appeal, unless there is a statutory saving clause.

Prior to November 2, 1959, Section 4123.519, Revised Code, did not specify when the claimant was required to file his petition as the section then provided that "the appellant shall file a petition setting forth the basis for jurisdiction of the court over the action, and further proceedings shall be had in accordance with the rules of civil procedure, provided however, that service of summons on such petition shall not be required." There was no time limit fixed in the statute as it then read as to when the petition had to be filed. Under such a provision the employer's motion to require the claimant to file a petition would have been proper.

Effective November 2, 1959, an amendment was added to Section 4123.519, Revised Code, requiring the claimant to file a petition "within thirty days after the filing of the notice of appeal." It was evidently the intent of the legislature by this

amendment and by the enactment of another amendment to this section at the 1959 session of the legislature, which provides, "all actions and proceedings under this section which are the subject of an appeal to the Court of Common Pleas or the Court of Appeals shall be preferred over all other civil actions except election causes, irrespective of position on the calendar," to speed up the hearing of appeals in Workmen's Compensation cases. This purpose would be defeated if the thirty day provision is directory instead of mandatory. If it was directory only, then the addition of the thirty day amendment accomplished nothing.

Under Section 4123.519, Revised Code, the petition required to be filed by the claimant within thirty days is a pleading, because the statute provides that "further pleadings shall be had in accordance with the rules of court procedure."

Under Section 2309.42, Revised Code, it is provided that "upon such terms as are just, the court, or a judge thereof in vacation, for good cause shown, may extend the time for filing any pleading."

In *Gordon* v. *Young, Admr.*, 113 Ohio App., 81, the following appears on page 89 of the Opinion:

"The legislature in its wisdom specifically provided in the appeal section in Industrial Commission cases that the rules of civil procedure did not attach to appeals until after the filing of the petition." Consequently Section 2309.42, Revised Code, has no application until a petition has been filed as provided by Section 4123.519, Revised Code.

In Chapter 1921, Revised Code, relative to procedure in an appeal from judgment of County Courts, it is provided under Section 1921.16, Revised Code, that "the rule day for filing the petition in the Court of Common Pleas in a case appealed from a County Court is the third Saturday after the expiration of the time limited for filing the transcript as provided in Section 1921.04, Revised Code."

In construing this section, it was held in *Roach* v. *Laux Motor Sales, Inc.*, 111 Ohio App., 383, 172 N. E. (2d), 475, that "on appeal by a defendant from the County Court to the Common Pleas Court from a judgment against him, *plaintiff must file his petition in the Common Pleas Court within the time pre-*

*scribed by statute* after the filing of a bond and a transcript of the proceeding in the County Court."

This statute is similar in so far as it relates to the filing of a petition to Section 4123.519, Revised Code.

Under similar statutes relating to appeals from justice of the peace courts, it was held in *Talamini* v. *Ulmer*, 23 O. C. C. (N. S.), 49, that "where a defendant has appealed from a judgment rendered by a justice of the peace, and the plaintiff has failed to file his petition within the time prescribed by law after the filing of the transcript from the justice, the court may enter a judgment of dismissal."

In *Starr* v. *Young*, 172 Ohio St., 317, the Supreme Court in construing Section 4123.519, Revised Code, as it relates to appeals under the Workmen's Compensation law said: "This is a special statute applying to appeals from decisions of the Industrial Commission and controls over general statutes covering appellate procedure."

To the same effect is the holding in *Parker* v. *Young*, 172 Ohio St., 464.

The court infers from the foregoing decisions of the Supreme Court that the requirement in Section 4123.519, Revised Code, that "the claimant shall within thirty days after filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction over the action and setting forth the issues," is a mandatory provision. Since this is a special statute applying to appeals, it controls over general statutes governing appellate procedure. There is nothing contained therein granting the Court authority to extend the time for filing the petition. General statutes governing pleadings do not apply in such cases until after the petition is filed.

From the foregoing citations, the court is of the opinion that where a claimant appeals an adverse decision to him under the Workmen's Compensation Law that the provision requiring him to file a petition within thirty days after the appeal is perfected is mandatory. If it is a mandatory provision when a claimant appeals, there seems to be no valid reason why it is not likewise mandatory when an employer appeals. For these reasons the court finds that it has no jurisdiction to extend the time for the claimant to file a petition or to require him to file a petition. The motion will therefore be overruled.

As hereinbefore stated, Section 4123.519, Revised Code, provides that the filing of proper notices of appeal "shall be the only act required to perfect the appeal and vest jurisdiction in the court."

The court having jurisdiction of the appeal, the court finds that the appeal of the employer has been duly perfected as provided by law. The Court further finds that the failure of the claimant to file a petition within thirty days after the perfection of the appeal amounts to an abandonment of his claim and that the claimant is not entitled to receive or continue to receive Workmen's Compensation from the appellant employer.