HANNA COAL CO., DIVISION OF CONSOLIDATION COAL CO., APPELLEE, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES; KOWALSKI, APPELLANT.

[Cite as Hanna Coal Co. v. Young, 1 Ohio App. 2d 230.]

(No. 291—Decided June 12, 1963.)

*Messrs. McMaster, Kerr, Weinman & Downer,* for appellee Hanna Coal Company.

*Mr. William B. Saxbe,* attorney general, and *Mr. Robert M. Duncan,* for appellees James L. Young, Administrator, and the Industrial Commission.

*Mr. Samuel Freifield* and *Mr. Edward Mosser,* for appellant.

France, J.  On August 17, 1960, the Industrial Commission allowed a death claim to defendant, appellant herein, Kowalski, for death resulting from injury to her deceased husband sustained while working for the plaintiff, appellee herein, Hanna. Within sixty days thereafter, Hanna filed notice of appeal in proper form with the Common Pleas Court of Harrison County and with the commission.

The defendant Kowalski filed no petition setting forth the issues prior to November 22, *1961,* and, on that date, Hanna filed a motion for judgment in its favor, basing its claim entirely on the failure of defendant Kowalski to so proceed in accordance with Section 4123.519, Revised Code.  Attached to the motion was an affidavit showing the filing of a notice of appeal with the commission and notice of such filing by it to Kowalski.  There was also attached a certificate of service of copy of the motion on Kowalski.

Hearing was had on the motion with no evidence taken, the matter being submitted on briefs and oral argument of counsel. On July 12, 1962, an order sustaining the motion and rendering judgment that defendant Kowalski was not entitled to participate in the workmen's compensation fund was entered.  From this judgment she appeals.

While the appeal was filed as one on questions of law and fact, it was reduced, *sua sponte,* at time of argument to one on questions of law only and briefed and argued on such basis without the filing of a bill of exceptions, appellant disclaiming need therefor.  Two assignments of error are urged:

1. That the trial court refused to permit appellant, at time of hearing on the motion, to file petition or answer in response to the notice of appeal.

2. That it rendered judgment for Hanna without evidence on the merits being adduced at the hearing.

The first assignment of error cannot be considered in the present state of the record. There is no bill of exceptions showing the proffer of a petition nor does the record show tender of any such document by Kowalski. In the absence of such showing, we are unable to consider this claimed error and must treat any proffer as being, in fact, nonexistent. It might have been helpful in the consideration of the case to have such question properly before us, but it is not. The first assignment of error is, therefore, not well made.

As to the second assignment, the problem posed is perplexing. Hanna, as a self-insurer, has been paying on the death award. It wants the right of participation determined against Mrs. Kowalski so that it can recover the money paid from the workmen's compensation surplus fund. The claimant, having received upwards of $5,000 already, was reluctant to hazard court or jury determination of the right to continue to receive it. The machinery for getting her opponent's appeal on for hearing has *apparently* been delivered into her hands, for Section 4123.519, Revised Code, provides in pertinent part:

"*The claimant shall*, within thirty days after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues. Further pleadings shall be had in accordance with the rules of civil procedure, * * *." (Emphasis added.)

We do not believe, and it has not been argued, that the Legislature, by imposing upon claimant the duty of filing the petition on appeal, thereby intended to nullify the employer's right of appeal by giving the claimant the right to destroy it through willful inaction. For the right of appeal would then become illusory, which cannot be countenanced. Various devices have been attempted by other appellant-employers to counter the satisfied claimants' inaction:

1. Filing the petition on appeal themselves, as under the act before its amendment.

2. Filing motion for an order of the Common Pleas Court to compel the claimant to file it.

3. Motion to dismiss the underlying claim upon the analogy of law and fact appeals under the County Court Act on the

theory either of want of prosecution, or that the claimant had abandoned the claim.

4. As here, motion for judgment that the claimant is not entitled to participate in the fund.

The claimant, appellant here, argues strongly in her brief that the first of these courses is the proper one. While not deciding it, we are inclined to discount this approach, for it ignores the studied change made by the Legislature in the express language of the section and gives rise to much incidental difficulty as to answering pleadings and the burden of proof, which we suspect was a reason for the change. See 19 Ohio State Law Journal, 591, 601.

The second course, that of compelling the recalcitrant claimant to perform the statutory duty of filing the fact pleading by invoking ultimately the contempt power of the court, is somewhat awkward but serviceable in most cases. It is actually this form of compulsion to participate in the appeal that the appellant-employers have, until recently, resorted to, and it was the overruling of motion to compel such finding that led to the decision in *Keenan* v. *Young, Admr.*, 87 Ohio Law Abs., 545, referred to below.

The third course, that of causing the claimant's *claim*, not the appeal, to be dismissed, is based on the analogy of the law and fact appeal provided from the County Courts to the Common Pleas Courts where there is a similar splitting of the duty of filing the notice of appeal and the petition on appeal. See Sections 1921.04, 1921.09 and 1921.16, Revised Code.

Settled construction of these sections provides that where the appeal was perfected by the defendant-appellant, and the plaintiff-appellee failed to file petition, the claim underlying the judgment appealed from was dismissed as for want of prosecution. See *Talamini* v. *Ulmer*, 23 C. C. (N. S.), 49, 34 C. D., 92; *Frazier* v. *Walker*, 10 C. C. (N. S.), 224, 20 C. D., 25. It is noteworthy that such dismissal was not on the merits and was not a bar to new suit on the underlying claim unless the statute of limitations had run. *Artino* v. *Laparo*, 18 C. C. (N. S.), 326, 33 C. D., 68. Unfortunately, the formerly clear distinction between dismissal without prejudice for want of prosecution and dismissal on the merits has been somewhat blurred by the decision in *Roach* v. *Laux Motor Sales, Inc.*, 111 Ohio App., 383.

The fourth approach, taken here, that of forcing adjudication on the merits without the filing of petition, is inspired by the opinion of the Common Pleas Court of Tuscarawas County in *Keenan* v. *Young, supra,* the decisions of the Common Pleas Court of Lorain County in *National Tube Division* v. *Arcaba,* No. 65410; *Ford Motor Co.* v. *Cupp,* No. 33410, Erie County; and *Singer Sewing Machine Co.* v. *Puckett,* Hamilton County (affirmed without opinion by Hamilton County Court of Appeals in Case No. 9021). It proceeds on the theory that the filing of the petition on appeal is mandatory and therefore jurisdictional, as in appeals under Section 5519.02, in highway appropriation cases.

In the face of the express language in Section 4123.519, Revised Code, that the filing of notices of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court, we treat the jurisdictional argument as not well founded. In addition it leads to a dead end for, if the court has no jurisdiction to receive a pleading of fact, it seems impossible to see how it could retain jurisdiction to make a determination of the facts such pleading would present if filed. The cases of *Starr* v. *Young, Admr.,* 172 Ohio St., 317, and *Parker* v. *Young, Admr.,* 172 Ohio St., 464, cited in support of such proposition, concerned defective notices of appeal and are, therefore, scarcely relevant.

All other arguments posed in favor of granting judgment on the merits of the claimant's right to participate in the fund (or to be paid by a self-insurer) in default of filing petition come headlong against two valid objections:

1. That there is no fact pleading before the court which can be confessed to be true by default in order to authorize judgment on the merits.

2. The court or jury must, under Section 4123.519, Revised Code, determine the right "to participate or continue to participate in the fund upon the evidence adduced at the hearing of such action." If there is no taking of evidence, there can be no determination.

For these reasons, appellant's second assignment of error is well taken, and the judgment appealed from must be reversed.

The writer is aware that the answer given in the course of passing on the principal assignment of error may be con-

sidered narrowly technical and singularly unhelpful to the trial courts which have employer's appeals thrust upon them with no readily apparent means of disposing of them. In dealing with a technical and legislatively created special appeal we are compelled to be technical, for it is not our function to rewrite the statute but to apply it as it stands to the precise question before us. Any commentary is necessarily *dicta* and must take into consideration not only the legislative history of the employer's appeal but the practical and financial realities of the situations it creates.

In 1955 for the first time the employer was given the right of appeal (126 Ohio Laws, 1015, 1026). No provision was made for the filing of a petition on appeal, other than that after filing of notice of appeal "further proceedings shall be had in accordance with the rules of civil procedure." We have not had occasion to read any cases construing this requirement, but it would seem logical that the issues would be framed either by claimant filing a petition and the employer an answer (on analogy of the County Court appeals, *supra*) or more sensibly by setting up by way of disputed claim the correctness of the order appealed from, with the appellee pleading its correctness and the appellant denying its effectiveness.

In any event in 1957 (127 Ohio Laws, 898, 900) the statute (Section 4123.519, Revised Code) was amended to require the appellant (whether claimant or employer) to "file a petition setting forth the basis for jurisdiction of the court over the action." Further proceedings were to be had in accordance with the rules of civil procedure. This amendment was construed in *Keen* v. *General Motors Corp.*, 79 Ohio Law Abs., 65, and *Swift & Co.* v. *Wreede*, 110 Ohio App., 252, as requiring the petition only to set forth the jurisdictional basis, leaving the issue framing as to the right of participation to be disposed of as before.

Finally, in 1959 a second amendment (128 Ohio Laws, 743, 753) placed Section 4123.519 in the condition we now find it, with the duty of filing the notice of appeal (which is expressly made jurisdictional) on the appellant, and the later duty of filing petition on appeal, which sets forth not only the basis of jurisdiction but the issue of participation (and which is at least inferentially *not* jurisdictional), on the claimant whether

he is appellant or appellee. This solution was not without precedent; exactly the same approach had been used for years in the appeals from County Courts and had worked out without great confusion. However, in the *employer's appeal* in Workmen's Compensation cases an additional factor was added which creates most of the tactical problems. In the County Court law-and-fact appeal the plaintiff-appellee could not get his money without prosecuting and winning his case on appeal. In the Industrial Commission appeal the claimant-appellee is entitled to receive his award notwithstanding the pendency of the appeal; the self-insuring employer-appellant, if he prevails, does not get his money back from the claimant but from the workmen's compensation surplus fund. Thus is created a situation in which there is no incentive for the claimant to expedite the appeal. If he has received a lump sum settlement he sees little point in employing counsel to defend the award merely for the purpose of preventing his employer from reimbursing himself from a state fund. If it is a periodic payment due him, he has every reason to delay filing his petition on appeal, and hence the day of final decision, until all payments have been made to him.

So far as the employer-appellant is concerned, a canny lassitude is equally likely to develop. To the extent that he is a contributing member of the workmen's compensation fund, the claimant's periodic checks are being paid out of a fund which is chargeable to the employer's accident experience and his contribution rate may eventually (but not immediately) be affected, but if in due course of time his appeal is sustained all payments will be reimbursed out of the surplus fund and his former contribution rate continue unaffected. Similarly the self-insurer, while he must pay out immediately, has every assurance that if his appeal is ultimately successful he will be reimbursed out of the same surplus fund. He is merely out temporary working capital. In both cases if the employer will but be patient and, after promptly filing his notice of appeal, merely let it pend until the claimant is fully paid, he will seldom have much opposition to his appeal and thus may recover out of the surplus fund by default.

In a situation where the financial pressures are such that the claimant has no real interest in winning the appeal but only

in delaying it if necessary, and his nominal opponent has every interest in winning it and can willingly accept delay as the price of winning, the titanic legal encounter between these two opponents is likely to develop into mere posturing and pantomine of battle. In the particular case before us the parties are in a bona fide battle as a matter of principle, but we conclude, human nature being what it is, that this is the exceptional situation and that in most employer appeals the battle will be elaborately staged and its supposed crisis well delayed until the claimant, fully compensated, gracefully loses the battle without suffering any loss therefrom. Thereupon the employer exults in his victory, obtains his reimbursement from a fund contributed to by all employers, and both parties are satisfied.

The strong possibility that such a result will become the institution in employer-appeal cases gives rise to fears that an unprecedented raid on the surplus fund is likely to result and that its solvency will be imperiled. Until the Legislature has opportunity to correct the matter, the duty of protecting the fund is cast somewhere, but where?

In considering some of the other approaches used to solve the delay problem, we find either technical or practical difficulties in each. There is no wholly satisfactory solution even as an interim measure.

The motion to compel filing, while exempt from the technical vices involved in merit adjudication without evidence, is subject to the practical objection of lack of incentive for so doing. For the employer to file a petition himself upon analogy of the County Court appeal raises more problems than it solves. Conceivably the factual claims could be placed before the court by order to the commission to certify its finding and order to the court, although there is no statutory authorization for such procedure.

Apart from objections raised to it in *Cleere* v. *Inland Mfg. Div., General Motors Corp.*, 109 Ohio App., 192, dismissal of the claim rather than the appeal carries with it the problem of permitting claimant to refile his claim at Industrial Commission level, thus adding to its burden of cases. It also intrudes the question of how or whether payments already made to the claimant pending appeal are to be recovered, since dismissal would wipe out the award itself. Thus while technically allur-

ing and giving incentive to both parties to expedite the case, as a solution it may have side effects of serious proportions.

For these reasons we feel that practical solution to the problem posed must be reached by trial and error and on some basis which does not involve adjudication of claims without issue framing and evidence.

The judgment of the Common Pleas Court of Harrison County is reversed and the case is remanded to that court to exercise its discretion in passing on claimant's application for leave to file petition, if such leave has been applied for, otherwise to entertain such motion as will result in presentation of a factual issue of record or in a dismissal, after notice and hearing, of the entire claim without prejudice.

*Judgment accordingly.*

DONAHUE, P. J., and BROWN, J., concur.