INDUSTRIAL CHROME SERVICES, INC., APPELLEE, *v.* CORONA, APPELLANT, ET AL.

(No. 5914—Decided April 21, 1965.)

*Messrs. Hood, Howard & Hood* and *Mr. Eugene F. Howard, Jr.,* for appellee.
*Messrs. Gallon, Desmond & Lackey* and *Mr. Jack E. Gallon,* for appellant.

FESS, J. This is an appeal taken by Jesus Corona on questions of law from a judgment of the Common Pleas Court striking from the record Corona's petition on appeal and entering final judgment in favor of Industrial Chrome Services,

Inc., appellee-employer herein and appellant-employer below.

For the sake of clarity, the appellant Corona will be referred to as the employee, and the appellee will be referred to as the employer.

On August 1, 1963, the employer filed in the Common Pleas Court its notice of appeal from an order of the Industrial Commission allowing the employee's claim to participate in the workmen's compensation fund, and mailed a copy thereof to the Industrial Commission. Whether a copy was mailed by the commission to the claimant is in dispute, claimant's attorney asserting that claimant never received a copy of the notice of appeal, and the employer contending that it was mailed to the employee by the Industrial Commission.

On November 8, 1963, the employer moved to enter final judgment in favor of appellant-employer on the ground that the employee had failed to file a petition within 30 days as provided by Section 4123.519, Revised Code, and "has abandoned his claim"; and on the same day a judgment was entered *ex parte* finding that such motion was well taken, and adjudging that the claimant was not entitled to compensation and entering final judgment in favor of the employer.

On November 26, 1963, counsel for the employee filed a motion for an order to set aside the judgment entered November 8, 1963, and to grant leave to file his petition on appeal, which motion, likewise, was granted *ex parte* on the same day, and claimant was granted leave to file his petition on or before November 30, 1963.

The employee's petition on appeal was thereafter filed on November 29, and a copy thereof was mailed to the employer and the administrator on December 2, 1963.

On December 31, 1963, the employer moved the court:

1. To strike from the record the petition of the employee.

2. To vacate the order of November 26, 1963.

3. To dismiss employee's motion of November 26, 1963.

4. To reinstate the order of November 8, 1963, granting judgment to the employer.

On January 3, 1964, counsel for the employee moved the court that employer's motion of December 31 be set for oral hearing.

On November 5, 1964, the cause came on for hearing upon the "joint" oral motion of the parties for rehearing of the following motions:

1. Appellant-employer's motion of November 8, 1963, for an order entering final judgment in favor of appellant-employer.

2. Appellee Corona's motion of November 26, 1963, to set aside the judgment previously entered in favor of appellant-employer.

3. Appellant-employer's motion of December 31, 1963, to strike the petition filed by appellee Corona; to vacate the order of November 26, 1963; to dismiss appellee's motion of November 26, 1963; and to reinstate the court's order of November 8, 1963, granting judgment to appellant-employer.

4. Appellee Corona's motion of January 3, 1964, to set for oral hearing appellant-employer's motion of December 31, 1963.

5. Appellee Corona's motion of January 20, 1964, to strike appellant's motion of November 8, 1963, from the files.

From the transcript of the proceedings at such hearing, filed as a bill of exceptions upon this appeal, it appears that no testimony was received but that the hearing consisted solely of arguments of counsel. The journal entry recites that the motion of both parties was well taken and that such motion for rehearing was granted.

The entry further recites that in consideration of such motion on rehearing the pleading and arguments of counsel for both parties, the court found:

1. That it has jurisdiction of the parties and of the subject matter under the provisions of Section 4123.519, Revised Code, by virtue of the notice of appeal filed by the employer on August 1, 1963;

2. That the employee did not, within the 30-day period provided by the statute, file his petition in the Common Pleas Court;

3. That employee's motion of November 26, 1963, was granted *ex parte* by the court upon the erroneous statement of then counsel for the employee that counsel for the employer had consented to the granting of such motion when, in fact, no such consent had been obtained;

4. That the employee was represented by counsel at the time that notice of employer's appeal was filed and that such employee has failed to show cause why the court should grant him extension of time for the filing of his petition herein.

It was therefore adjudged:

1. That employee's petition filed November 30, 1963, be stricken from the record;

2. That final judgment be entered in favor of the employer on the ground that the employee failed to file his petition within the time provided by Section 4123.519, Revised Code, and has failed to show cause why the court should grant to him an extension of the time for the filing of such petition.

It is from this judgment of November 5, 1964, that the appeal is taken by the employee. The proceedings in the instant case illustrate the embarrassing predicament in which a court as well as counsel find themselves resulting from entering judgments *ex parte* without notice to an opposing party. Common courtesy between counsel would seem to require that no unfair advantage be taken of a party litigant by failing to give timely notice of an application for judgment unless he be unequivocably in default.

It is to be observed from the bill of exceptions that, although counsel for the employee on several occasions had requested the opportunity to show cause why he should be granted an extension of time for the filing of such petition, no such opportunity was afforded.

It becomes apparent from the terms of such judgment as recited above that insofar as the journal entry thereof upon the appeal enters judgment in favor of the employer, error was committed to the prejudice of the employee. *Singer Sewing Machine Co.* v. *Puckett,* 176 Ohio St. 32. Cf. *Thompson* v. *Reibel,* 176 Ohio St. 258; *Hanna Coal Co.* v. *Young,* 1 Ohio App. 2d 230.

It further appears from such journal entry and the transcript of the proceedings, including the transcript upon rehearing, that the trial court abused its discretion in refusing such employee leave to show cause why he should not be granted an extension of time within which to file his petition, and in striking from the record employee's petition on appeal.

It follows that the judgment should be reversed and the

cause remanded to the Common Pleas Court with instructions to grant leave to the appellant-employee to file his petition on appeal on or before a day certain and for further proceedings according to law.

*Judgment accordingly.*

SMITH and BROWN, JJ., concur.