SMOLIGA, APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S
COMPENSATION, ET AL., APPELLEES.

[Cite as Smoliga v. Keller, Admr., 3 Ohio App. 2d 250.]

(No. 1619—Decided August 31, 1965.)

*Messrs. Traxler & Malkoff*, for appellant.

*Messrs. Guarnieri & Secrest*, for appellee Packard Electric Division, G. M. C.

*Mr. William B. Saxbe*, attorney general, and *Mr. Robert Duncan*, for appellee Elmer A. Keller, Administrator, Bureau of Workmen's Compensation.

JOHNSON, P. J. This appeal comes on for hearing on an order of the trial court sustaining a motion to dismiss the notice of appeal and petition of the claimant-appellant and the further overruling of a motion for rehearing. The motion as filed in the trial court was directed to the jurisdiction of the trial court to entertain such appeal, appellee claiming such appeal had not been properly perfected in accordance with the provisions of Section 4123.519, Revised Code.

The notice of appeal filed herein is in pertinent part as follows:

"* * * and serves notice of her appeal in Claim Number 392813-22, *from the decision of the Canton Regional Board of Review entered September 27, 1963*, from which the Industrial Commission of Ohio has refused to permit an appeal to said commission. * * *." (Emphasis added.)

In addition, the petition, in part, sets out the following facts:

"5. Plaintiff further says that she filed her Application for compensation with the Industrial Commission of Ohio and that said claim was processed through various stages before the said commission and finally *disallowed on the 27th day of September, 1963* and the following was the last order of the said Industrial Commission of Ohio:

" 'It is ordered that the appeal filed October 10, 1963 by the claimant from the order made September 27, 1963 by the Canton Regional Board of Review be refused and that copies of this order be mailed this day to all interested parties.'

"6. Plaintiff further states that such *disallowance* was in violation of her rights under the Workmen's Compensation Act and an unjustified denial thereof, by reason of which she appeals to this Court and demands a trial by jury." (Emphasis added.)

It is to be noted again that the disallowance referred to

above is the disallowance of an appeal from the order of the Canton Regional Board of Review.

The notice of appeal was filed within the statutory time allowed.

The petition, on the other hand, was filed seven days after the running of the thirty-day period provided in Section 4123.-519, Revised Code.

Two questions, testing the validity of the order of the trial court sustaining the motion to dismiss the notice of appeal and petition filed herein, and overruling the motion for rehearing, are thus presented to this court:

1. Whether a claimant-appellant, having been refused an appeal from an order of the Regional Board of Review by the Industrial Commission of Ohio must direct his notice of appeal to the decision of the Regional Board of Review or to refusal of the Industrial Commission to entertain an appeal from said Regional Board of Review.

2. Whether or not, after having filed a notice of appeal, it is mandatory and jurisdictional that a petition be filed by claimant-appellant within the thirty-day statutory period set out.

In regard to the first question raised, the Supreme Court of Ohio dealt with an identical one in *Parker* v. *Young, Admr., Bureau of Workmen's Compensation*, 172 Ohio St. 464. At page 466 thereof is to be found the following:

"This court having determined in *Starr* v. *Young, supra* [172 Ohio St. 317], that this section must be strictly complied with, it is obvious that no appeal lies from an order of the Industrial Commission refusing to permit an appeal. In such a case, the appeal necessarily must be from the decision of the Regional Board of Review."

A reading of the record in the instant case clearly shows that the claimant-appellant appealed from the decision of the Canton Regional Board of Review entered September 27, 1963. The concluding sentence of the notice of appeal, in part, is as follows:

"'* * * and that the *order of the Canton Regional Board* of Review under date of September 27, 1963, is an appealable and final one * * *.'" (Emphasis added.)

As to the filing of a notice of appeal, Section 4123.519, Revised Code, provides as follows:

"* * * Notice of such appeal shall be filed by the appellant with the commission and the Court of Common Pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. *Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court.*" (Emphasis added.)

It being apparent that the notice of appeal filed herein complied in all respects with the mandatory provisions of the statute, its filing vested jurisdiction in the Common Pleas Court to hear such appeal.

The second question to be resolved results from the orders of the trial court sustaining the motion to dismiss the notice of appeal and the petition and overruling the motion for rehearing. Both the motion to dismiss and the motion for rehearing were disposed of on the same day. The salient question, as heretofore pointed out, is whether the failure to timely file a petition is jurisdictional.

Much confusion has arisen over application of the following pertinent parts of Section 4123.519, Revised Code, to the filing of a petition:

"The *claimant* shall, within thirty days after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues. Further pleadings shall be had in accordance with the rules of civil procedure, provided that service of summons on such petition shall not be required. * * *." (Emphasis added.)

Through the evolution of amendments to the Ohio Workmen's Compensation Act, we now have a *statute* which requires the filing of a *petition* by the *claimant,* even though the claimant may have been the successful party before the Industrial Commission and in fact may have no desire to prosecute an appeal.

The dilatory tactics thus made available to a successful claimant against an employer desiring to appeal are obvious.

As has been previously stated by this court in *Hanna Coal Co.* v. *Young,* 1 Ohio App. 2d 230, at page 232, numerous tactics have also been used by appellant employers to force the claimant to file the petition as required.

The apparent mandatory wording of the statute would indicate that failure of the claimant to file a petition within the thirty-day period, even though the claimant is not the appellant, would be jurisdictional and would be held to be an abandonment of his claim. Such was the holding of the trial court in *Keenan* v. *Young, Admr., Bureau of Workmen's Compensation,* 87 Ohio Law Abs. 545. On appeal, however, the Court of Appeals for Tuscarawas County found the thirty-day provision to be *mandatory only when the claimant appeals,* and merely directory when the employer appeals. See *Keenan* v. *Young, Admr.,* 119 Ohio App. 233 (decided June 28, 1963).

Most decisions involving appeal under Section 4123.519, Revised Code, have concerned the problem of failure of a *successful claimant* to file a petition within the statutory thirty-day period after the employer had filed a notice of appeal. However, we are faced here with the situation in which an *unsuccessful claimant* has filed both a timely and proper notice of appeal, *and* a petition, but has filed the latter *after the expiration* of the statutory thirty-day period.

In the case of *Singer Sewing Machine Co.* v. *Puckett,* 176 Ohio St. 32, the employer's notice of appeal was found to be sufficient, and thereafter the court directed its attention to the question of whether the failure of the successful claimant to file a petition within thirty days conferred power upon the court to enter a judgment holding the claimant not entitled to receive compensation benefits. As stated in that opinion, at page 36:

"The literal meaning of the words, 'shall' and 'may,' is not always controlling in the construction of a statute. Cases in which these words are convertible are numerous. See 50 Ohio Jurisprudence (2d), 30, Statutes, Section 20; Sutton, Use of 'Shall' in Statutes (1939), 4 John Marshall Law Quarterly, 204. As was so aptly stated by Hart, J., in *State, ex rel. Jones,* v. *Farrar* (1946), 146 Ohio St., 467, at page 472:

" 'Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its

effect and the consequences which would result from construing it one way or another. In each instance, it is necessary to look to the subject matter of the statute and consider the importance of the provision which has been disregarded and the relation of that provision to the general object intended to be secured by the act.'

"Claimant's petition is not jurisdictional. Section 4123.-519 unequivocally provides that the filing of a notice of appeal with the Industrial Commission of Ohio and the Court of Common Pleas 'shall be the *only* act required to perfect the appeal and vest jurisdiction in the court.'

"Where, as in the instant case, the claimant has been awarded workmen's compensation by the administrative agency, and the employer appeals, the purpose of requiring a petition by the claimant is to give orderliness to the appellate proceeding. The court already has full jurisdiction over the action by virtue of the timely filed notice of appeal and consequently would entertain a motion to require the claimant to file his petition if he fails to do so within the 30-day period. Since some claimants, at least, are not represented by counsel, they may be unaware of their obligation to file a petition on appeal. To summarily grant a motion for judgment on the pleadings where the claimant fails to file his petition would be too harsh a consequence for the failure to file a timely petition." (Emphasis added.)

To hold, in the instant case, that the provisions of the statute shall be interpreted as directory when applied to an appealing employer and mandatory when applied to an appealing claimant would be but to heap additional confusion on an already difficult problem.

We find the better rule of statutory construction to be one of giving an identical interpretation to the wording of a statute no matter to which party it is applied. If, as stated in the statute, the filing of a notice of appeal "shall be the only act required to perfect the appeal and vest jurisdiction in the court," then this act alone is determinative of the jurisdictional fact.

The Legislature cannot be deemed to have meant the inconsistency urged by the appellant-employer herein.

Although not ruling upon the exact fact situation which

is now before this court, the Supreme Court in *Singer Sewing Machine Co.* v. *Puckett, supra,* clearly indicated that the tardy filing of a petition, or the failure to file a petition by a claimant after a proper notice of appeal has been filed either by a claimant or an employer, is not jurisdictional, and does not constitute grounds for dismissal of such appeal, without a showing of good cause.

We find the Common Pleas Court was in error in sustaining the appellee's motion to dismiss the notice of appeal and petition filed herein. Its ruling is reversed, and this cause is remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

JONES and LYNCH, JJ., concur.