YOUGHIOGHENY & OHIO COAL CO., APPELLANT, *v.*
MAYFIELD, ADMR., APPELLEE.[1]
JONES & LAUGHLIN STEEL, INC., APPELLEE, *v.*
MAYFIELD, ADMR., APPELLANT.[2]

[Cite as Youghiogheny & Ohio Coal Co. *v.* Mayfield (1984),
11 Ohio St. 3d 70.]

(Nos. 83-839 and 83-854—Decided June 6, 1984.)

---

[1] This cause was initially styled in the Court of Common Pleas of Harrison County, as "Youghiogheny & Ohio Coal Co., Appellant, v. Fairclough, Appellee, and Daugherty, Admr., Bureau of Workers' Compensation, et al., Appellees." Raymond A. Connor succeeded Daugherty as the Administrator for the bureau. James L. Mayfield is the current Administrator.

[2] This cause was initially styled in the Court of Common Pleas of Cuyahoga County, as "Bullock, Plaintiff, v. Jones & Laughlin Steel Corp., Employer, and Connor, Admr., Bureau of Workers' Compensation, Defendants."

*Messrs. Kinder, Kinder & Hanlon* and *Mr. Gerald P. Duff,* for appellant in case No. 83-839.

*Crede Calhoun Co., L.P.A.,* and *Mr. Crede Calhoun,* for appellee Jones & Laughlin Steel, Inc., in case No. 83-854.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Gerald H. Waterman* and *Mr. Lee M. Smith,* for appellee and appellant James L. Mayfield, Admr., in case Nos. 83-839 and -854, respectively.

HOLMES, J. The specific issue presented is whether an employer's appeal from an adverse ruling by the Industrial Commission is subject to dismissal due to the death of the employee during the pendency of the appeal. We hold that such appeal is not precluded by the employee's death.

R.C. 4123.519 provides an employer or a claimant with the opportunity to appeal certain adverse rulings by the commission. The appeal is initiated by filing a notice of appeal pursuant to the requirements set forth in the statute. Upon filing of the notice, jurisdiction of the claim vests in the court of common pleas. See *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50], paragraph one of the syllabus; *Smoliga* v. *Keller* (1965), 3 Ohio App. 2d 250 [32 O.O.2d 366].

The appeal authorized by R.C. 4123.519 is unique in that it is considered a trial *de novo. State, ex rel. Federated Dept. Stores,* v. *Brown* (1956), 165 Ohio St. 521 [60 O.O. 486]; *Crabtree* v. *Young* (1965), 1 Ohio St. 2d 93, 95 [30 O.O.2d 335]; *Zuljevic* v. *Midland-Ross* (1980), 62 Ohio St. 2d 116, 118 [16 O.O.3d 140]; *Smith* v. *Young* (1963), 119 Ohio App. 176 [26 O.O.2d 405]; *Jones* v. *Keller* (1966), 9 Ohio App. 2d 210 [38 O.O.2d 217]. The burden of proof, as well as the burden of going forward, remains with the claimant. *Swift & Co.* v. *Wreede* (1959), 110 Ohio App. 252 [12 O.O.2d 240]; *Smith* v. *Young, supra.* This court recently stated that "* * * where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, reestablish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level." *Zuljevic* v. *Midland-Ross, supra,* at 118.

From this authority it is apparent that a claimant must again substantiate his claim in order to refute an employer's appeal. If the claimant dies during the appellate process, he obviously cannot personally satisfy the required burden of proof. The appeal, however, should not be dismissed in favor of either party.

This court is of the opinion that upon the employee's death, the state of Ohio becomes a real party in interest to the litigation. R.C. 4123.519 provides that if an award of compensation is proved to be incorrect upon appeal, then the benefits improperly disbursed to a claimant will be charged against the state surplus fund as provided for in R.C. 4123.34(B). Thus, the employer recovers any amount of improperly paid benefits from the fund as opposed to the employee's estate.

In order to preserve the surplus fund, we believe the correct procedure is to permit the state, which is already a party to the appeal, to proceed in place of the claimant. This will provide the employer with its statutory right to appeal a decision of the commission and also allow the state an opportunity to protect the fund.[3]

Finally, counsel for the Administrator of the Bureau of Workers' Compensation argue that a workers' compensation claim abates upon the death of the claimant; therefore, the appeal should be dismissed in favor of the claimant. They cite *Ratliff* v. *Flowers* (1970), 25 Ohio App. 2d 113 [54 O.O.2d 213], as support for their argument. However, *Ratliff* is easily distinguished from the case *sub judice.*

In *Ratliff,* the employee was initially granted benefits by the commission. He filed a second claim for additional compensation which was denied. The employee appealed the ruling but died prior to any disposition of his appeal. The court subsequently found that an employee must recover pursuant to his individual right under the workers' compensation statutes, and that such right abates upon the death of the employee.

While the *Ratliff* court held that death abates an employee's cause of action, we do not believe the same is true for an appeal initiated by the employer. If we were to extend *Ratliff* to include the present situation, this court would violate the rationale behind R.C. 4123.519 and preclude an employer's appeal through no fault of that party.

We conclude, therefore, that an employer's appeal pursuant to R.C. 4123.519 from an adverse ruling by the Industrial Commission is not subject to dismissal due to the death of the employee during the pendency of the appeal.

Accordingly, in case No. 83-839, the judgment of the court of appeals is reversed and the cause is remanded to the court of common pleas in accor-

---

[3] We decline to substitute a representative of the claimant's estate to the appeal pursuant to Civ. R. 25, as the estate does not have an interest in the appeal due to the language of R.C. 4123.519.

dance with the holding of this court. In case No. 83-854, the judgment of the court of appeals is affirmed; however, the cause is remanded to the court of common pleas in accordance with the holding of this court.

*Judgments accordingly.*

W. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, C.J., C. BROWN and J. P. CELEBREZZE, JJ., dissent.

CELEBREZZE, C.J., dissenting. I must dissent from today's decision because, in my view, an appeal to the court of common pleas under R.C. 4123.519 abates upon the death of the claimant.

The right to appeal a ruling of the Industrial Commission to the court of common pleas is purely a creation of statute and, as such, the scope of such an appeal is defined entirely by statute. As this court stated in *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28, 33 [74 O.O.2d 50]:

"[I]t must be borne in mind that a litigant has no inherent right of appeal in this area and that the statutory enactment of the Workmen's Compensation Act created a special right of appeal where none existed before, and '[w]here a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.' "

We have held that the claimant bears the burden of going forward as well as the burden of proof in an appeal under R.C. 4123.519. See, *e.g., Zuljevic* v. *Midland-Ross* (1980), 62 Ohio St. 2d 116, 118 [16 O.O.3d 140]. This is true regardless of whether the claimant or employer prevailed in the administrative proceeding. As we stated in *Zuljevic, supra,* at 118:

"[W]here an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his worker's compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level."

As a result, upon the death of the claimant, the party who had the burden of going forward and the burden of proof is no longer a party to the proceeding. Moreover, there is no party left that has the same or similar interest as that of the claimant. The majority concedes as much in footnote 3 by acknowledging that the claimant's estate will not be substituted as a party to represent the claimant and pursue the appeal. Nonetheless, the majority fashions a legislative-type remedy by naming the state to stand in the stead of the deceased claimant. The majority reasons that the state's interest in preservation of the surplus fund enables the state to assume the claimant's burdens in an appeal pursuant to R.C. 4123.519. Such a remedy is flawed in several respects.

First, the employer's right to appeal, being statutory in origin, is governed by the terms of R.C. 4123.519. There is no provision in R.C. 4123.519 for substituting the state as the party upon which the burden of proof falls.

By ordering the state to pursue the claimant's right to participate in the fund, the majority has read a provision into R.C. 4123.519 that simply does not exist. The question of whether the state may be required to assume the claimant's role in an appeal under R.C. 4123.519 is one within the dominion of the General Assembly, not the judiciary.

Second, in requiring the state to proceed in the place of the deceased claimant, the majority relies on the state's incentive to preserve the surplus fund. If the claimants herein had survived, their motive in pursuing the appeal would have been to secure their continuing participation in the fund. Without question, the state's interest in an appeal pursuant to R.C. 4123.519 does not mirror the interest of a living claimant. Moreover, if a pending appeal in the court of common pleas is held to abate upon claimant's death, there is no possibility that the employer will prevail and recover an amount from the surplus fund. If the preservation of the surplus fund is truly the majority's objective, the majority has ignored the fact that to allow an appeal to continue after the death of the claimant does not further that objective inasmuch as the surplus fund becomes susceptible to diminution upon a successful appeal by the employer.

Finally, I am not inclined to believe that *Ratliff* v. *Flowers* (1970), 25 Ohio App. 2d 113 [54 O.O.2d 213], is "easily distinguished" simply because the claimant in *Ratliff, supra,* failed to prevail at the administrative level. The majority seems to be advancing the position that, when a claimant *loses* administratively and dies while his appeal to the court of common pleas is pending, his appeal is extinguished. Thus, the majority rejects a uniform rule and instead structures a rule of abatement dependent upon the outcome of the administrative proceeding. R.C. 4123.519 does not lend itself to such an interpretation; the appeal should either abate or continue without regard to the prevailing party at the administrative level. Accordingly, I would endorse the view expressed in *Ratliff* v. *Flowers, supra,* and hold that, regardless of whether the claimant prevailed at the administrative level, where the claimant dies while the appeal under R.C. 4123.519 is pending in the court of common pleas, such appeal is extinguished and should be dismissed.

C. Brown and J. P. Celebrezze, JJ., concur in the foregoing dissenting opinion.