BYRUM CONSTRUCTION, Appellant,

v.

OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellees.

[Cite as *BYRUM Constr. v. Ohio Bur. of Workers' Comp.* (1996), 111 Ohio App.3d 782.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 95–BA–46.

Decided June 20, 1996.

*John R. Tomlan,* for appellant.

*Betty D. Montgomery,* Attorney General, and *William A. Thorman III,* Assistant Attorney General, for appellees.

O'NEILL, Presiding Judge.

Lawrence W. Brothers had at one time filed a workers' compensation claim that was allowed by the Industrial Commission of Ohio. BYRUM Construction,

the appellant, filed a timely appeal of the commission's order in the Common Pleas Court of Belmont County, Ohio. In response to that appeal and pursuant to statute, Lawrence W. Brothers filed a complaint in response to the notice of appeal on November 25, 1992.

On January 20, 1992, BYRUM Construction, the appellant, filed a voluntary dismissal of the notice of appeal and, on January 24, 1994, a docket entry was filed dismissing the case without prejudice.

Lawrence W. Brothers died on August 8, 1994. On November 28, 1994, BYRUM Construction filed another notice of appeal in the trial court naming the Administrator, the Industrial Commission, and Donna Brothers, widow of Lawrence W. Brothers, as defendants.

The appellees moved to dismiss the appeal, contending that Lawrence W. Brothers, an indispensable party to the prosecution of the appeal, was deceased. The trial judge dismissed the notice of appeal. R.C. 4123.512(B) provides as follows:

"The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom.

"The administrator, the claimant, and the employer shall be parties to the appeal and the court, upon the application of the commission, shall make the commission a party.* * *"

R.C. 4123.512(D) provides further:

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund * * *."

Very obviously, pursuant to statute, the claimant is an indispensable party in an appellate proceeding. In an appeal, such as the one at hand, the burden of proof, as well as the burden of going forward, remains with the claimant, who in this instance would have been Lawrence W. Brothers. In *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio St.3d 70, 11 OBR 315, 464 N.E.2d 133, the Supreme Court stated, by way of syllabus:

"An employer's appeal, pursuant to R.C. 4123.519 [now R.C. 4123.512], from an adverse ruling by the Industrial Commission is not subject to dismissal due to the death of the employee during the pendency of the appeal."

In that case, considering the appellate process, the Supreme Court stated:

"From this authority it is apparent that a claimant must again substantiate his claim in order to refute an employer's appeal. If the claimant dies during the appellate process, he obviously cannot personally satisfy the required burden of proof. The appeal, however, should not be dismissed in favor of either party.

"This court is of the opinion that upon the employee's death, the state of Ohio becomes a real party in interest to the litigation.* * *" 11 Ohio St.3d at 72, 11 OBR at 316, 464 N.E.2d at 135.

We must give emphasis to the fact that, in the *Youghiogheny* case, the claimant was alive when the employer filed its notice of appeal and, thus, the appeal had an indispensable party until the death of the claimant, and the appeal was pending at the time of the claimant's death. In the case at hand there is a different circumstance. When the claimant died, there was no appeal pending. There was nothing before the court. When the employer, BYRUM Construction, filed its second notice of appeal, the indispensable party to the appeal, the claimant, was unavailable due to death.

Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

GENE DONOFRIO and COX, JJ., concur.