OPINION
Plaintiff Diane E. Giffen appeals a summary judgment of the Court of Common Pleas of Licking County, Ohio, granting summary judgment in favor of defendants Meritor Automotive, Inc., and the Industrial Commission of Ohio, and dismissing her claim for Workers' Compensation benefits from defendants. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT WHEN DEFENDANT HAS SUBMITTED NO EVIDENCE THAT PLAINTIFF FAILED TO RESPOND TO ITS REQUEST FOR ADMISSIONS WITHIN 28 DAYS OF SERVICE.
Appellant's statement pursuant to Loc.R. 9 asserts the trial court's judgment is inappropriate as a matter of law.
The record indicates appellant was injured in an accident arising out of her employment with appellee Meritor Automotive in August of 1993. In 1997, she sought additional compensation for depression, which she asserted was causally related to her accident. The Industrial Commission awarded her additional compensation. Appellees filed their notice of appeal, and appellant filed her petition within the appropriate time frame. On January 21, 1988, appellees served appellant with a request for admissions. The single request for admission stated no psychiatrist, psychologist, and any health care provider has stated with a reasonable degree of medical probability, or is able to state with a reasonable degree of medical probability, that appellant has a condition of depression proximately and directly caused by her work-related injury. The request for admissions advised if appellant denied this assertion, she should identify the health care expert and produce a copy of the report.
Twenty-nine days later, on February 19, 1998, appellees filed their motion for summary judgment asserting appellant had failed to respond to the request, and it should be deemed admitted. Based upon this, the court entered summary judgment in favor of appellees.
Appellant puts forth several arguments regarding why the court should not have granted summary judgment against her. Appellant argues appellees' motion for summary judgment failed to present any evidence demonstrating she did not answer the request for admission, nor did appellees ask the court for an order compelling a response to the request for admission. Finally, appellant urges the court should have conducted a pre-trial conference pursuant to Civ.R. 36 before granting the motion for summary judgment.
In the recent case of Vahila v. Hall (1997), 77 Ohio St.3d 421, the Ohio Supreme Court had occasion to describe the procedural requirements of Civ.R. 56. First, the parties seeking summary judgment must disclose the basis for the motion and support the motion with evidence, that there are no genuine issues of any material facts, Vahila at 429, citing Harless v. Willis DayWarehouse Company (1978), 54 Ohio St.2d 64 at 66. The moving party bears the initial burden of informing the trial court of the basis of its motion and identifying the portions of the record demonstrating the absence of any genuine issue of material fact,Id, citing Dresher v. Burt (1996), 75 Ohio St.3d 280 at 293. If the moving party satisfies its initial burden, the non-moving party then has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial, and if the non-movant cannot do so, summary judgment, if appropriate, should be entered against the non-moving party, Id.
Appellees point out they attached to their motion for summary judgment the single request for admissions served upon appellant which she failed to answer.
Appellant argues appellees' counsel should have executed an affidavit identifying the request for admission and asserting it went unanswered. We find this would be unnecessary. Pursuant to Civ.R. 36, appellant's failure to respond to the request was deemed an admission.
Regarding appellant's assertion the trial court should have held a pre-trial conference prior to granting summary judgment, appellant cites no language in the rule providing the court must conduct a pre-trial conference, and we are aware of no such legal requirement.
In Youghiogheny Ohio Coal Company v. Mayfield (1984),11 Ohio St.3d 70, the Ohio Supreme Court held the burden of proof and burden of going forward in a Workers' Compensation case lies with the claimant even if the claimant was successful in the administrative proceedings. We agree with the trial court appellant did not meet her burden under Civ.R. 56 and Vahila,supra.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.