[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 612.]

THE STATE EX REL. SYSCO FOOD SERVICES OF CLEVELAND, INC. *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Sysco Food Serv. of Cleveland, Inc. v. Indus. Comm.*, 2000-Ohio-1.]

*Workers' compensation—Application for temporary total disability compensation allowed—Claim ultimately disallowed in its entirety by common pleas court—Self-insured employer seeks writ of mandamus to compel reimbursement from state Surplus Fund—Writ granted, when.*

(No. 98-1974–Submitted April 25, 2000–Decided September 13, 2000.)

IN MANDAMUS.

_____

{¶ 1} Relator, Sysco Food Services of Cleveland, Inc., is a self-insured employer. In 1995, a Sysco employee, Donnie G. Goodall, alleged injury to his lower back arising from and in the course of his employment. Sysco contested the claim, and the matter was heard by a district hearing officer of respondent Industrial Commission of Ohio.

{¶ 2} The commission ultimately allowed the claim and ordered Sysco to pay temporary total disability compensation ("TTC"). Sysco appealed the claim, and continued to pay TTC and medical benefits during the course of these proceedings. The claim was ultimately disallowed in its entirety by the Cuyahoga County Court of Common Pleas. The Cuyahoga County Court of Appeals affirmed, and no further appeal was taken.

{¶ 3} Sysco moved the commission for reimbursement from the state Surplus Fund of the $32,748.59 in compensation and benefits that it had been required to pay in the Goodall claim. The commission denied Sysco's request, ruling that Sysco's recovery rights were instead governed by R.C. 4123.511(J),

which mandates reimbursement via offset from any future claims made by the claimant.

**{¶ 4}** This cause is now before this court as an original action in mandamus.

———————————

*Willacy, LoPresti & Marcovy* and *Timothy A. Marcovy*; and *M. Scott Young*, for relator.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for respondents.

———————————

*Per Curiam.*

**{¶ 5}** For obvious reasons, payment of compensation to a claimant has never been stayed indefinitely by an employer's appeal of the award. See R.C. 4123.511(H) and former R.C. 4123.515 and 4123.519. Consequently, employers often pay compensation pursuant to orders that are later overturned. An employer's right to recover this money is unquestioned. 1993, however, saw changes that the commission has applied to radically alter recoupment procedure. That procedure is now at issue.

**{¶ 6}** Former R.C. 4123.515 and 4123.519 previously established the means of recovery. Former R.C. 4123.515 read:

"Payment of an award made pursuant to a decision of the district hearing officer in a claim shall commence twenty days after the date of the decision * * *. In all other cases, if the decision of the district hearing officer is appealed by the employer or the administrator, the bureau of workers' compensation shall withhold compensation and benefits during the course of the appeal to the regional board of review, but where the regional board rules in favor of the claimant, compensation and benefits shall be paid by the bureau or by the self-insuring employer whether or not further appeal is taken. *If the claim is subsequently denied, in whole or in part, payments shall be charged to the surplus fund created under division (B) of*

2

*section 4123.34 of the Revised Code,* and if the employer is a state risk such amount shall not be charged to the employer's experience and *if the employer is a self-insurer such amount shall be paid to the self-insurer from the surplus fund.*" (Emphasis added.) 143 Ohio Laws, Part II, 3353.

{¶ 7} Former R.C. 4123.519(G) similarly provided:

"An appeal from a decision of the commission or any action filed in a case in which an award of compensation has been made shall not stay the payment of compensation * * * during the pendency of the appeal. *In the event payments are made to a claimant which should not have been made under the decision of the appellate court, the amount thereof shall be charged to the surplus fund under division (B) of section 4123.34 of the Revised Code.* In the event the employer is a state risk, the amount shall not be charged to the employer's experience. *In the event the employer is a self-insurer, the amount shall be paid to the self-insurer from the surplus fund.*" (Emphasis added.) 143 Ohio Laws, Part II, 3355.

{¶ 8} These statutes provided dollar-for-dollar reimbursement via direct payment from the Surplus Fund to the self-insured employer.

{¶ 9} Effective October 20, 1993, Am.Sub.H.B. No. 107 repealed R.C. 4123.515 and 4123.519, and substituted R.C. 4123.511(J) and 4123.512(H). R.C. 4123.511(J), as it read for periods relevant herein, directed:

"Upon the final administrative or judicial determination, if a claimant is found to have received compensation to which he was not entitled, his employer, if he is a self-insuring employer, or the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, under Chapter 4121., 4123., 4127., or 4131. of the Revised Code, the amount to which the claimant was not entitled * * *." 145 Ohio Laws, Part II, 3152.

{¶ 10} The statute provided a graduated withholding schedule that allowed the claimant to retain some amount of weekly benefit during the repayment process.

{¶ 11} R.C. 4123.512(H) complemented R.C. 4123.511(J). It stated:

"An appeal from an order issued under division (E) of section 4123.511 of the Revised Code or any action filed in court in a case in which an award of compensation has been made shall not stay the payment of compensation under the award * * * during the pendency of the appeal. *If, in a final administrative or judicial action, it is determined that payments of compensation or benefits, or both, made to or on behalf of a claimant should not have been made*, *the amount thereof shall be charged to the surplus fund under division (B) of section 4123.34 of the Revised Code*. In the event the employer is a state risk, the amount shall not be charged to the employer's experience. *In the event the employer is a self-insuring employer, the self-insuring employer shall deduct the amount from the paid compensation he reports to the administrator under division (K) of section 4123.35 of the Revised Code*." (Emphasis added.) 145 Ohio Laws, Part II, 3157.

{¶ 12} As applied by the commission, the new scheme has the advantage of eliminating or reducing the amount of what previously would have been a claimant windfall, since claimants rarely had to repay overpaid funds. Unfortunately, R.C. 4123.511(J) offers little relief to the self-insured employer, for it is, at best, speculative. No self-insured employer is ever guaranteed full reimbursement. The entire scheme hinges on the employee's seeking additional compensation, which may never occur. Even where additional compensation is sought, the graduated withholding schedule greatly reduces the chance that the employer will recover the full amount, especially when dealing with the large amounts involved here. Most problematic is the employer in Sysco's shoes. If the entire workers' compensation claim is disallowed, there is almost no chance of any recoupment unless claimant has other active claims with the same employer.

{¶ 13} Relator argues that R.C. 4123.511(J), as applied to self-insureds, denies, among other things, the right to a remedy guaranteed by Section 16, Article I of the Ohio Constitution. As such, it asserts that R.C. 4123.512(H) must be read

4

as preserving the right to Surplus Fund reimbursement, in order to maintain the recovery scheme's constitutionality. We agree.

{¶ 14} The right to a remedy guaranteed by Section 16, Article I of the Ohio Constitution "requires an opportunity [for remedial action] granted at a meaningful time and in a meaningful manner." *Burgess v. Eli Lilly & Co.* (1993), 66 Ohio St.3d 59, 62, 609 N.E.2d 140, 142. We have previously held that "[w]here there has been an ultimate finding that an employer has been improperly required to pay all (or any part) of a sum in compensation, then that employer is entitled to reimbursement * * *." See *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 416-417, 534 N.E.2d 46, 58, Douglas and A. William Sweeney, JJ., concurring, adopted in *State ex rel. Eaton Corp. v. Lancaster* (1989), 44 Ohio St.3d 106, 541 N.E.2d 64, and *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1989), 44 Ohio St.3d 104, 541 N.E.2d 74. The current scheme eliminates reimbursement for employers in Sysco's situation. Certainly, a remedy that may or may not occur, may or may not make full restitution, or may take years to fulfill cannot be considered meaningful. As we stated in *Gaines v. Preterm-Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 60, 514 N.E.2d 709, 716:

"Denial of a remedy and denial of a *meaningful* remedy lead to the same result: an injured plaintiff without legal recourse. This result cannot be countenanced." (Emphasis *sic*.)

{¶ 15} In further asserting a post-H.B. 107 right to Surplus Fund reimbursement, relator relies on this language from R.C. 4123.512(H):

"If, in a final administrative or judicial action, it is determined that payments of compensation or benefits, or both, made to or on behalf of a claimant should not have been made, the amount thereof shall be charged to the surplus fund * * *." 145 Ohio Laws, Part II, 3155.

{¶ 16} Stressing the presence of identical language in former R.C. 4123.519, relator cites *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio

St.3d 70, 11 OBR 315, 464 N.E.2d 133, as further proof that R.C. 4123.512(H) preserves Surplus Fund reimbursement. There, we held:

"R.C. 4123.519 [now renumbered R.C. 4123.512] provides that if an award of compensation is proved to be incorrect upon appeal, then the benefits improperly disbursed to a claimant will be charged against the state surplus fund as provided for in R.C. 4123.34(B). Thus, the employer recovers any amount of improperly paid benefits from the fund * * *." *Id.* at 72, 11 OBR at 316, 464 N.E.2d at 135.

**{¶ 17}** Reinforcing its position, relator stresses that under former R.C. 4123.35(K), now renumbered R.C. 4123.35(L), a self-insured employer "[i]n reporting paid compensation paid for the previous year, * * * shall exclude from the total *amount* of paid compensation any *reimbursement* the employer *receives* in the previous calendar year from the surplus fund pursuant to section 4123.512 of the Revised Code for any paid compensation." (Emphasis added.) The emphasized language indicates that some sort of monetary Surplus Fund repayment is anticipated by R.C. 4123.512, and the only place that the statute speaks to Surplus Fund reimbursement is with regard to subsequently vacated compensation awards.

**{¶ 18}** Finally, relator points out that Ohio Adm.Code 4121-3-18(A)(17) still directs that:

"If the claim is subsequently denied, payments shall be charged to the statutory surplus fund. * * * If the employer is a self-insurer such amount will be paid to the self-insurer from the surplus fund."

**{¶ 19}** Taken together, relator claims that the current statutory scheme preserves Surplus Fund reimbursement and must be interpreted in this manner in order to preserve the constitutionality of R.C. 4123.511(J). Finding that relator has persuasively asserted the right and ability to recover from the state Surplus Fund, we hereby issue the requested writ of mandamus and order Surplus Fund reimbursement.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____