DECISION
{¶ 1} Relator, Janice S. Wooten, commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order determining that an overpayment of permanent total disability ("PTD") compensation shall be recouped pursuant to R.C. 4123.511(J) and to further enter a new order holding that the overpayment shall be treated in accordance with former R.C. 4123.515.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate found that this court's decision in State ex rel. Farwick v. Hoover Co. (Feb. 11, 1999), Franklin App. No. 97APD12-1708, is dispositive of the issue raised by relator. In Farwick, this court held that the law in effect on the date of the commission's order granting benefits governs the issue of recoupment, if that order is later rescinded. Here, the overpayment of PTD compensation arose from the commission's order, dated February 8, 2000. That order was subsequently vacated, resulting in the overpayment. Because R.C. 4123.511(J) was in effect on the date the commission awarded PTD compensation, that statute governs any recoupment right.
 {¶ 3} Relator has filed objections to the magistrate's decision, essentially arguing that Farwick was incorrectly decided. We disagree. For the reasons set forth in the magistrate's decision, the objections are overruled.
 {¶ 4} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
LAZARUS and WATSON, JJ., concur.
 MAGISTRATE'S DECISION IN MANDAMUS {¶ 5} In this original action, relator, Janice S. Wooten, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that an overpayment of permanent total disability ("PTD") compensation shall be recouped pursuant to R.C.4123.511(J) and to enter a new order holding that the overpayment shall be treated in accordance with former R.C. 4123.515.
 Findings of Fact {¶ 6} 1. Relator has an industrial claim which is assigned claim number ODPE10305. The commission officially recognizes September 26, 1988, as the date of diagnosis of the allowed conditions of the claim. The employer of record is respondent The Ohio State University.
 {¶ 7} 2. On July 15, 1999, relator filed an application for PTD compensation.
 {¶ 8} Following a February 8, 2000 hearing, a commission staff hearing officer ("SHO") issued an order awarding PTD compensation.
 {¶ 9} 3. Thereafter, The Ohio State University filed in this court an original action which resulted in this court's issuance of a writ of mandamus ordering the commission to vacate its order of February 8, 2000, and to issue a new order either granting or denying PTD compensation and setting forth the evidence relied upon and an explanation for the decision.
 {¶ 10} 4. On November 20, 2001, the commission vacated its February 8, 2000 order awarding PTD compensation and ordered that a hearing be scheduled to determine the merits of the PTD application in accordance with this court's writ of mandamus.
 {¶ 11} 5. Following a January 2, 2002 hearing, an SHO issued an order denying relator's PTD application filed July 15, 1999.
 {¶ 12} 6. On March 21, 2002, the Ohio Bureau of Workers' Compensation ("bureau") sent a letter to relator notifying her that she had been overpaid $61,954.60 in PTD compensation.
 {¶ 13} 7. On May 16, 2002, citing the bureau's letter, relator moved the commission to issue an order declaring that the overpayment shall not be recouped against relator.
 {¶ 14} 8. Following an August 9, 2002 hearing, a district hearing officer ("DHO") issued an order finding that the overpayment shall be recouped from relator pursuant to R.C. 4123.511(J). The DHO's order states:
The District Hearing Officer finds that the applicable statute, is the statute that was in effect at the time the award of compensation was granted. Therefore since permanent total disability compensation was previously granted on 02/08/2000 and O.R.C. 4123.511(J) was in effect at that time, O.R.C. 4123.511(J) applies.
Accordingly, the overpayment is declared pursuant to O.R.C. 4123.511(J) and the overpayment is to be withheld from the future awards in the manner consistent [with] and prescribed by the statute.
 {¶ 15} 10. Relator administratively appealed the DHO order of August 9, 2002.
 {¶ 16} 11. Following a September 25, 2002 hearing, an SHO issued an order affirming the DHO's order. The SHO's order states:
It is the finding of the Staff Hearing Officer that the claimant was overpaid in the amount of $61,954.60 as a result of the vacated 02/08/2000 Permanent Total Disability award. The overpayment is declared pursuant to Ohio Revised Code 4123.511(J) and the overpayment is to be withheld from future awards in the manner consistent [with] and prescribed by statute.
This decision is made consistent with Industrial Commission Policy Statements and Guidelines Memo K4. The order to pay was published on 02/08/2000, after the date of 10/20/1993. Therefore, the withholding provisions of Ohio Revised Code 4123.511(J) apply for the determined overpayment.
 {¶ 17} 12. On October 19, 2002, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of September 25, 2002.
 {¶ 18} 13. On January 2, 2003, relator, Janice S. Wooten, filed this mandamus action.
 Conclusions of Law {¶ 19} Effective October 20, 1993, Am.Sub.H.B. No. 107 ("H.B. 107") substantially amended the workers' compensation laws of Ohio. H.B. 107 repealed former R.C. 4123.515 and enacted R.C. 4123.511(J), which provides a graduated withholding schedule that allows the claimant to retain some amount of weekly benefit during the repayment process. SeeState ex rel. Sysco Food Serv. of Cleveland, Inc. v. Indus. Comm.
(2000), 89 Ohio St.3d 612, 614.
 {¶ 20} According to relator, the commission's application of R.C.4123.511(J) to recoup the overpayment of PTD compensation contravenes the ban upon retroactive legislation set forth in Section 28, Article II, Ohio Constitution, because relator's industrial injury arose prior to the effective date of H.B. 107. According to relator, because R.C. 4123.511(J) was not in effect on the date of diagnosis officially recognized by the commission in this claim, the statute cannot be applied to recoup the overpayment because her substantive right to the compensation is governed by the laws in effect at the time her injury arose. The magistrate disagrees with relator's contention that R.C. 4123.511(J) is not applicable to recoup the overpayment of PTD compensation at issue.
 {¶ 21} The SHO order of September 25, 2002 indicates that the SHO found authority for the application of R.C. 4123.511(J) from Memo K4, which is contained in the commission's Hearing Officer Manual published May 7, 2001.[1]
Memo K4 states in part:
If an order to pay compensation or benefits is published on or after October 20, 1993 by the Industrial Commission or Bureau of Workers' Compensation and as a result compensation and/or benefits are paid, but subsequently, in a final administrative or judicial action it is determined that such payment should not have been made, the withholding provisions of O.R.C. 4123.511(J) shall apply for the determined overpayment.
 {¶ 22} The instructions to the hearing officer found in Memo K4 are supported by this court's decision in State ex rel. Farwick v. HooverCo. (Feb. 11, 1999), Franklin App. No. 97APD12-1708.
 {¶ 23} In Farwick, the claimant was awarded PTD compensation in June 1992, but that award was subsequently vacated by the commission pursuant to a writ of mandamus. Although the commission subsequently granted PTD compensation again, the new award had a later starting date. The self-insured employer began recouping the overpayments on the vacated June 1992 award from the current payments on the new award. In Farwick,
this court held that the employer could not apply R.C. 4123.511(J) to recoup the overpayments on the June 1992 award.
 {¶ 24} In Farwick, this court explained:
This court agrees with the magistrate's conclusion that the law in effect on the date of the commission's order granting benefits that are later rescinded governs the issue of recoupment. Hoover overpaid claimant PTD benefits based on a June 1992 order. In June 1992, R.C. 4123.515 and4123.519 were in effect and govern Hoover's recoupment rights.
Section 7 of Am.Sub.H.B. No. 107 lends further support to this court's conclusion. Section 7 provides that the sections of Am.Sub.H.B. No. 107 that repealed R.C. 4123.515 and 4123.519 and enacted 4123.511 apply to all claims for benefits or compensation" filed on or after, and to all claims pending" on October 20, 1993. This language does not refer to mandamus actions pending or filed in a court but, rather, refers to actions filed or pending with the commission. State ex rel. Eaton v.Indus. Comm. (Mar. 2, 1995), Franklin App. No. 93APD10-1447 * * *. As of October 20, 1993, relator's claim was not pending before the commission; PTD had been awarded and was being challenged in a mandamus action.
The bureau and commission argue that the magistrate's reliance on Cablev. Indus. Comm. (Oct. 22, 1996), Franklin App. No. 95APD06-737 * * *, is misplaced. Cable is consistent with the magistrate's decision in the present case. In Cable, this court looked at the date of the order granting temporary total disability compensation that was sub-sequently modified and resulted in an overpayment. Because the commission's order granting compensation was made after October 20, 1993, this court found that R.C. 4123.511(J) applied.
 {¶ 25} The magistrate parenthetically notes that the case of Cablev. Indus. Comm. (Oct. 22, 1996), Franklin App. No. 95APD06-737, cited by this court in Farwick, is among the several cases cited in Memo K4.
 {¶ 26} The Farwick case supports the commission's application of R.C. 4123.511(J) to recoup the overpayment of compensation that was paid on the commission's order of February 8, 2000 that was subsequently vacated. Because R.C. 4123.511(J) was in effect on the date that the commission awarded PTD compensation, i.e., February 8, 2000, R.C.4123.511(J) applied under the Farwick case.
 {¶ 27} In effect, relator asks this court to overrule Farwick.
However, relator cites to no subsequent case from either this court or the Ohio Supreme Court that erodes the soundness of this court's decision in Farwick. Relator simply wants to rehash this court's decision inFarwick and other cases regarding the applicability of R.C. 4123.511(J).
 {¶ 28} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
KENNETH W. MACKE MAGISTRATE
[1] The commission's Hearing Officer Manual can be found at Andersons 2003 Ohio Workers' Compensation Law Handbook at pages 279-283.