DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Interstate Brands Corporation, filed this original action in mandamus. Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On May 28, 2004, the magistrate rendered a decision, including findings of fact and conclusions of law, and therein recommended that this court grant the writ. (Attached as Appendix A.) Respondents, Administrator, Bureau of Workers' Compensation and its Self-Insured Review Panel, timely filed objections to the magistrate's decision, which are now before the court.
 {¶ 2} As respondents acknowledged in their objections, the facts of this case fit squarely within this court's decision inState ex rel. Kokosing Constr. Co. v. Ohio Bur. of Workers'Comp., Franklin App. No. 02AP-1252, 2003-Ohio-4894, the facts and holding of which were set forth and relied upon by the magistrate in the present case. Respondents' objections are based wholly on their contention that Kokosing was wrongly decided.
 {¶ 3} Since the filing of respondents' objections and relator's memorandum in response to same, the Supreme Court of Ohio unanimously affirmed this court's Kokosing decision. SeeState ex rel. Kokosing Constr. Co. v. Ohio Bur. of Workers'Comp., 102 Ohio St.3d 429, 2004-Ohio-3664, 811 N.E.2d 1134. Therein, the court affirmed our holding that a self-insured employer who initially certifies a claim, but later obtains an administrative declaration that the claim was fraudulent and the award and payment of compensation should never have occurred, has satisfied the requirements of R.C. 4123.512(H) and State ex rel.Sysco Food Serv. Of Cleveland, Inc. v. Indus. Comm. (2000),89 Ohio St.3d 612, 734 N.E.2d 361, such that the employer is entitled to reimbursement from the state surplus fund.
 {¶ 4} Accordingly, after an examination of the magistrate's decision, an independent review pursuant to Civ.R. 53, due consideration of respondents' objections, and in accordance with the decision of the Supreme Court of Ohio in State ex rel.Kokosing Constr. Co. v. Ohio Bur. of Workers' Comp.,102 Ohio St.3d 429, 2004-Ohio-3664, 811 N.E.2d 1134, we overrule the objections and find that the magistrate correctly and appropriately determined the issues raised. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and grant relator's request for a writ of mandamus.
Objections overruled; writ of mandamus granted.
Petree and Brown, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Interstate Brands Corporation, : Relator, : v. No. 03AP-1035 : C. James Conrad, Administrator : (REGULAR CALENDAR) Bureau of Workers' Compensation, : The Self Insured Review Panel Ohio : Bureau of Workers' Compensation and : David M. Brown, : Respondents. :
 MAGISTRATE'S DECISION Rendered on May 28, 2004 Scheuer Mackin Breslin, J. Kent Breslin and Eric A. Rich,
for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondents, Administrator, Bureau of Workers' Com-pensation and The Self-Insured Review Panel.
IN MANDAMUS
 {¶ 5} In this original action, relator, Interstate Brands Corporation, requests a writ of mandamus ordering respondent Administrator of the Ohio Bureau of Workers' Compensation to vacate his decision denying relator's request for surplus fund reimbursement in the industrial claim of David M. Brown ("Brown") and to enter a decision granting relator surplus fund reimbursement.
Findings of Fact:
 {¶ 6} 1. Brown filed a workers' compensation claim alleging that he sustained an industrial injury on November 27, 2000, while employed with relator, a self-insured employer under Ohio's workers' compensation laws. Brown alleged that he twisted his back when his foot slipped from under him while inside a truck.
 {¶ 7} 2. Two days after the alleged injury, on November 29, 2000, Brown was interviewed by the third-party administrator for relator's self-insurance program. The interview was recorded and later transcribed. During the interview, Brown stated that the only back problem he had experienced prior to the November 27, 2000 injury was a strain-type injury.
 {¶ 8} 3. On November 29, 2000, treating physician Dr. Tharp wrote that Brown had no symptoms prior to November 27, 2000.
 {¶ 9} 4. Brown underwent an MRI on December 7, 2000. The MRI showed a disc herniation at L5-S1. The MRI report gave no history of an injury prior to November 27, 2000.
 {¶ 10} 5. Thereafter, relator certified the industrial claim for "lumbar strain and sprain; L5-S1 herniation." Unbeknownst to relator at the time of its certification of the Ohio claim, Brown had previously settled a 1996 industrial claim arising in the state of North Carolina. The North Carolina claim involved a low back injury resulting in a herniated disc at L5-S1, according to an MRI report dated September 25, 1996.
 {¶ 11} 6. On April 1, 2002, relator moved for the termination of all compensation and benefits in the claim and for a determination that the industrial claim was fraudulent.
 {¶ 12} 7. Following a June 10, 2002 hearing, a district hearing officer ("DHO") issued an order disallowing the industrial claim in its entirety on grounds that the claim was fraudulent. The DHO ordered that the overpayment of compensation and medical benefits be collected pursuant to R.C. 4123.511(J).
 {¶ 13} 8. Brown administratively appealed the DHO's order of June 10, 2002. Following an August 2, 2002 hearing, a staff hearing officer ("SHO") affirmed the DHO's decision.
 {¶ 14} 9. On August 23, 2002, another SHO mailed an order refusing Brown's administrative appeal from the SHO's order of August 2, 2002.
 {¶ 15} 10. In September 2002, relator's third-party administrator wrote to the self-insured department of the Ohio Bureau of Workers' Compensation ("bureau") requesting surplus fund reimbursement in the amount of $64,541.76 for compensation and medical benefits paid in Brown's industrial claim.
 {¶ 16} 11. By letter dated September 16, 2002, the bureau's self-insured department denied the request for surplus fund reimbursement.
 {¶ 17} 12. Relator administratively appealed the September 16, 2002 decision of the bureau's self-insured department to the bureau's self-insured review panel ("SIRP"). SIRP held a conference on April 16, 2003, at which relator, through counsel, appeared. Thereafter, SIRP issued a written decision that denied relator's request for surplus fund reimbursement. SIRP's decision states in part:
* * * The employer's request for reimbursement was based on the Ohio Supreme Court's decision in the case of State ex rel. SyscoFood Serv. of Cleveland, Inc. v. Indus. Comm. (2000),89 Ohio St.3d 612 ( Sysco ).
In the Sysco case, the Ohio Supreme Court restored the remedy of reimbursement from the surplus fund to self-insuring employers for amounts paid in claims that are later disallowed on appeal. In implementing the decision, BWC derived its reimbursement policy from the fact pattern presented in the Sysco case. Stated simply, the policy permits reimbursement from the surplus fund for compensation paid by a self-insuring employer pursuant to an Industrial Commission order that is overturned on appeal. Under this policy, BWC's Self-Insured Department has authorized requests for surplus fund reimbursement for "straight line appeals" in which an employer successfully appeals an Industrial Commission order.
* * *
After a review of the statement of facts and testimony presented at the conference, the Panel finds that Sysco does not mandate surplus fund reimbursement under the circumstances described. The Sysco case restores surplus fund reimbursement as a remedy for self-insuring employers for situations involving a "straight line appeal", when the employer successfully appeals an Industrial Commission order. The Panel finds that the Sysco
case does not require reimbursement when a self-insuring employer initially pays compensation, with or without dispute, and later obtains additional information causing it to second-guess the propriety of the payment, or raise a new dispute unrelated to the original dispute. The Panel finds that it was appropriate for the Self-Insured Department to deny the employer's request for reimbursement from the surplus fund, and the employer's appeal is denied. * * * Finally, the Panel notes that by seeking self-insured status, employers have traditionally sought to obtain more control over their workers' compensation programs by making their own decisions in claims, with the goal of reducing the overall costs of the program. By assuming this responsibility, a self-insuring employer also assumes the risk that a decision in an individual claim may turn out to be wrong. The Panel finds that it is more appropriate to place the risk of such a decision on the individual self-insuring employer, rather than spreading the risk among all of the self-insured employers that contribute to the surplus fund. As a result, the Panel declines to expand BWC's present Sysco policy.
 {¶ 18} 13. Relator administratively appealed the April 16, 2003 decision of SIRP to the administrator of the bureau. On August 28, 2003, the administrator's designee issued a final decision affirming the decision of the SIRP.
 {¶ 19} 14. On October 17, 2003, relator, Interstate Brands Corporation, filed this mandamus action.
Conclusions of Law:
 {¶ 20} It is the magistrate's decision that this court grant a writ of mandamus, as more fully explained below.
 {¶ 21} The instant action arises by virtue of the decision of the Supreme Court of Ohio in State ex rel. Sysco Food Serv. ofCleveland, Inc. v. Indus. Comm. (2000), 89 Ohio St.3d 612. Because an analysis of the Sysco case is critical to the resolution of this mandamus action, the magistrates begins with a discussion of that case.
 {¶ 22} In 1995, a Sysco employee alleged injury to his lower back arising from and in the course of his employment. Sysco, a self-insured employer, contested the claim, and the matter was heard by a DHO. The commission ultimately allowed the claim and ordered Sysco to pay TTD compensation. Sysco appealed the claim and continued to pay TTD compensation and medical benefits during the course of the proceedings. The claim was ultimately disallowed in its entirety by the Cuyahoga County Court of Common Pleas. The Cuyahoga County Court of Appeals affirmed and no further appeal was taken. Sysco moved the commission for reimbursement from the state surplus fund for the compensation and benefits it had been required to pay in the claim. The commission denied Sysco's request, ruling that Sysco's recovery rights were instead governed by R.C. 4123.511(J) which mandates reimbursement via offset from any future claims made by the claimant.
 {¶ 23} The Sysco court observed that, effective October 20, 1993, Am.Sub.H.B. No. 107 ("H.B. 107") repealed R.C. 4123.515 and4123.519, and substituted R.C. 4123.511(J) and 4123.512(H).
 {¶ 24} The Sysco court observed that the repealed statutes had provided dollar for dollar reimbursement via direct payment from the surplus fund to the self-insured employer.
 {¶ 25} The Sysco court observed that R.C. 4123.511(J) provides a graduated withholding schedule that allows the claimant to retain some amount of weekly benefit during the repayment process. The Sysco court found that, unfortunately, R.C. 4123.511(J) offers little relief to the self-insured employer, for it is at best speculative. The entire scheme of R.C. 4123.511(J) hinges on the employee seeking additional compensation that may never occur. Even where additional compensation is sought, the graduated withholding schedule of R.C. 4123.511(J) greatly reduces the chance that the employer will recover the full amount of the overpayment.
 {¶ 26} Sysco argued that to limit it to the recovery scheme of R.C. 4123.511(J) denies it the right to a remedy guaranteed by Section 16, Article I, Ohio Constitution. As such, Sysco asserted that R.C. 4123.512(H) must be read as preserving the right to surplus fund reimbursement in order to maintain the recovery scheme's constitutionality. The Sysco court agreed.
 {¶ 27} The Sysco court noted that in asserting a post-H.B. 107 right to surplus fund reimbursement, Sysco relied upon the following language of R.C. 4123.512(H):
* * * If, in a final administrative or judicial action, it is determined that payments of compensation or benefits, or both, made to or on behalf of a claimant should not have been made, the amount thereof shall be charged to the surplus fund under division (B) of section 4123.34 of the Revised Code. * * *
 {¶ 28} In short, the Sysco court held that self-insured employers do have a post-H.B. 107 right to surplus fund reimbursement under R.C. 4123.512(H) notwithstanding the availability of the R.C. 4123.511(J) graduated recovery scheme.
 {¶ 29} The Sysco court issued a writ of mandamus ordering the commission to grant surplus fund reimbursement to Sysco.
 {¶ 30} According to the bureau, the Sysco's court's holding that self-insured employers have a post-H.B. 107 right to surplus fund reimbursement must be limited to those cases in which the overpayment results from a so-called "straight line appeal" because it was a "straight line appeal" that created the overpayment in Sysco.
 {¶ 31} Here, unlike Sysco, relator certified the claim. Relator did not obtain a disallowance of the claim through an appeal of the claim allowance as occurred in Sysco. Rather, relator obtained a disallowance of the claim by moving the commission to exercise its continuing jurisdiction under R.C.4123.52, on grounds that the claim allowance was fraudulently obtained.
 {¶ 32} In the magistrate's view, while Sysco's claim to surplus fund reimbursement did arise on a so-called "straight line appeal," there is nothing in the opinion of the Sysco
court to indicate that surplus fund reimbursement is limited only to overpayments generated by a "straight line appeal."
 {¶ 33} Presumably, the Sysco court granted surplus fund reimbursement because Sysco satisfied R.C. 4123.512(H)'s requirements. That Sysco satisfied R.C. 4123.512(H)'s requirements by obtaining an overpayment via a "straight line appeal" does not necessarily preclude satisfaction of R.C.4123.512(H)'s requirements via the exercise of the commission's continuing jurisdiction over an industrial claim.
 {¶ 34} The magistrate finds nothing in the language of R.C.4123.512(H) nor the opinion of the Sysco court that should preclude surplus fund reimbursement for overpayments resulting from the commission's exercise of its continuing jurisdiction over industrial claims.
 {¶ 35} Moreover, this action presents an issue similar to the one presented to this court in State ex rel. Kokosing Constr.Co., Inc. v. Ohio Bur. of Workers' Comp., Franklin App. No. 02AP-1252, 2003-Ohio-4894. In Kokosing, this court rejected the bureau's contention that surplus fund reimbursement is limited to overpayments resulting from a so-called "straight line appeal." In Kokosing, as in the instant case, the employer discovered that its certification of the industrial claim was fraudulently obtained and, consequently, moved to decertify the claim. InKokosing, the commission decertified the claim and also officially recognized a settlement agreement in which the claimant's guardian stipulated that the claim should not have been allowed because it was fraudulent. Here, respondent concedes that the instant action "parallels much of Kokosing," but points out that an appeal of that case is pending in the Supreme Court of Ohio. (Respondent's brief at 2.)
 {¶ 36} The magistrate finds that this court's previous decision in Kokosing compels the issuance of a writ of mandamus in this action.
 {¶ 37} Accordingly, for all the above reasons, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent Administrator Ohio Bureau of Workers' Compensation to grant relator's request for surplus fund reimbursement.
 /s/ Kenneth W. Macke
KENNETH W. MacKE MAGISTRATE