DECISION
 IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION {¶ 1} Relator, Diversey Corp., commenced this original action requesting a writ of mandamus ordering respondent, Ohio Bureau of Workers' Compensation ("BWC") to grant its request for reimbursement from the surplus fund for payments of compensation that relator was ordered to make but that were later determined to have been obtained by the claimant through fraud.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate relied upon this court's decision in State exrel. Kokosing Constr. Co., Inc. v. Ohio Bur. of Workers' Comp., Franklin App. No. 02AP-1252, 2003-Ohio-4894, in finding that the relator was entitled for reimbursement from the surplus fund. The magistrate noted that after the effective date of Am.Sub.H.B. No. 107 in 1993, an employer is entitled to reimbursement from the surplus fund under R.C. 4123.512 in those situations where it is determined upon a final administrative or judicial action that compensation and/or benefits paid to or on behalf of a claimant should not have been paid, regardless of whether the administrative or judicial decision involved a "straight line" appeal. Therefore, the magistrate recommended that this court grant a writ of mandamus ordering respondent BWC to vacate its decision denying relator's request for surplus-fund reimbursement in the claim of Vernon Daniels, Jr., and to enter a decision granting reimbursement from the state-surplus fund.
 {¶ 3} BWC has filed objections to the magistrate's decision arguing that Kokosing was incorrectly decided. We disagree. For the reasons articulated in Kokosing and in the magistrate's decision, the objections are overruled.
 {¶ 4} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant a writ of mandamus ordering respondent BWC to vacate its decision denying relator's request for surplus-fund reimbursement in the claim of Vernon Daniels, Jr., and to enter a decision granting reimbursement from the state surplus fund.
Objections overruled; writ of mandamus granted.
Lazarus, P.J., and Petree, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel., : Diversey Corp., : Relator, : :
v. : No. 03AP-343 :
Bureau of Workers' Compensation, : Respondent. :
 MAGISTRATE'S DECISION Rendered on October 3, 2003 Reminger Reminger Co., LPA, and Paulette M. Ivan, for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Bureau of Workers' Compensation.
 IN MANDAMUS {¶ 5} In this original action in mandamus, relator, Diversey Corp. ("Diversey"), asks the court to issue a writ compelling respondent, the Ohio Bureau of Workers' Compensation ("BWC"), to grant its request for reimbursement from the surplus fund with respect to payments of compensation that Diversey was ordered to make but that were later determined to have been obtained by the claimant through fraud.
 Findings of Fact {¶ 6} 1. On April 11, 1991, Vernon Daniels, Jr. ("claimant") sustained an industrial injury. His employer, Diversey, a self-insured employer, accepted the claim and paid compensation for temporary total disability ("TTD") for the period from April 21, 1991 through November 5, 1992.
 {¶ 7} 2. Claimant sought continuing TTD compensation, but the employer declined to pay it. Claimant filed a motion for TTD compensation, and the employer filed a motion requesting termination of TTD based on maximum medical improvement ("MMI"). A hearing was held on November 30, 1993 before a district hearing officer ("DHO"), who denied Diversey's motion and granted claimant's motion to the extent that it ordered Diversey to pay TTD from November 6, 1992 through October 11, 1993, which it paid. Claimant returned to work at Diversey on October 12, 1993.
 {¶ 8} 3. In March 1994, claimant filed a C85A to reactivate his claim, asking for TTD compensation beginning February 4, 1993.
 {¶ 9} 4. Diversey declined the request. In September 1994, the matter was heard by a DHO, who awarded TTD from February 4, 1994 to April 18, 1994, with further TTD compensation to be paid on submission of medical evidence.
 {¶ 10} 5. Ongoing TTD was paid. In June 1995, the employer filed a motion to terminate TTD on the basis of MMI. On August 28, 1995, a DHO granted the motion, terminating TTD as of April 19, 1995.
 {¶ 11} 6. Claimant was subsequently investigated by the BWC for fraud. Following the investigation, Diversey filed a motion in April 1997 requesting a declaration of overpayment of TTD compensation paid in the claim based on evidence that claimant was working while receiving TTD compensation. The employer also requested that the commission make a specific finding of fraud by claimant.
 {¶ 12} 7. In June 1997, a DHO denied the motion. On appeal, however, a staff hearing officer ("SHO") granted the motion in January 1998. The SHO found that claimant had made material misrepresentations in order to receive TTD benefits and had engaged in fraud. The SHO found that claimant was not entitled to the TTD he received for the period from April 21, 1991 to October 12, 1993, and also for the period from February 4, 1994 to April 19, 1995.
 {¶ 13} 8. In March 1998, claimant's appeal was refused.
 {¶ 14} 9. In March 2001, pursuant to R.C. 4123.512(H) andState ex rel. Sysco Foods Serv. of Cleveland, Inc. v. Indus.Comm. (2000), 89 Ohio St.3d 612, Diversey filed a request with the BWC for reimbursement from the surplus fund for the amount of TTD compensation that it had been compelled to overpay claimant.
 {¶ 15} 10. In July 2001, the BWC denied the request.
 {¶ 16} 11. Diversey appealed. A hearing was held before the Self-Insured Review Panel of the BWC (the "review panel"), which denied the appeal.
 {¶ 17} 12. Diversey appealed the review panel's decision. The appeal was heard by the administrator's designee, who denied it. The present action in mandamus was filed to challenge that denial of reimbursement.
 Conclusions of Law {¶ 18} Diversey has filed this original action challenging the BWC's decision denying reimbursement from the surplus fund. The parties agreed at oral argument that the legal issue presented here is the same issue presented in State ex rel.Kokosing Constr. Co., Inc. v. Ohio Bur. of Workers' Comp., Franklin App. No. 02AP-1252, 2003-Ohio-4894, that is, whether reimbursement from the surplus fund under R.C. 4123.512 is limited to those cases involving a "straight line" appeal in which the employer appeals a commission order successfully. Further, the BWC agreed that the facts in the present action are sufficiently similar to the facts in Kokosing Construction that the same rule of law will apply to both cases.
 {¶ 19} In Kokosing Construction, this court held that, after the effective date of Am.Sub.H.B. 107 in 1993, an employer was entitled to reimbursement from the surplus fund under R.C.4123.512 in those situations where it was determined upon a final administrative or judicial action that compensation and/or benefits paid to or on behalf of a claimant should not have been paid, regardless of whether the administrative or judicial decision involved a "straight line" appeal. In the present action, the employer did not prevail in its direct appeal following the initial administrative determination (the "straight line" appeal). Rather, the employer prevailed in subsequent proceedings commenced pursuant to the commission's continuing jurisdiction under R.C. 4123.52.
 {¶ 20} Based on the rationale and holding of KokosingConstruction, the magistrate recommends that the court grant a writ of mandamus ordering respondent BWC to vacate its decision denying Diversey's request for surplus fund reimbursement in the claim of Vernon Daniels, Jr., and to enter a decision granting reimbursement from the state surplus fund.