DECISION
{¶ 1} In this original action, relator, Norman Murphy, requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which determined that the self-insured employer was required to withhold from any amount to which relator later became entitled, 25 percent of any permanent total disability payments until the amount which was overpaid to relator was refunded, pursuant to R.C. 4123.511(J), and further ordering that money be used to reimburse the surplus fund which had already reimbursed the self-insured employer for the overpayment.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate examined the evidence and issued a decision (attached as Appendix A), including findings of fact and conclusions of law. Therein, the magistrate concluded that relator has not demonstrated that the commission abused its discretion and, therefore, the magistrate recommended that this court deny relator's request for a writ of mandamus.
 {¶ 3} The basis of relator's objections is that the magistrate erred in focusing her analysis on the windfall to relator, and not on the current statutory scheme, which relator contends is silent in naming alternate methods of replenishing the surplus fund outside of the rate setting process.
 {¶ 4} Following an independent review of the matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, relator's objections to the magistrate's decision are overruled and we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled, writ of mandamus denied.
Sadler and Travis, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Norman Murphy, : Relator, : :
v. : No. 05AP-275 :
Industrial Commission of Ohio : (REGULAR CALENDAR) and Fishel Co., : :
Respondents, :
 MAGISTRATE'S DECISION Rendered on September 28, 2005 Harris Burgin, L.P.A., and Ann-Dana Medven, for relator.
Jim Petro, Attorney General, and William J. McDonald, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} Relator, Norman Murphy, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which determined that the self-insured employer was required to withhold from any amount to which relator later became entitled, 25 percent Respondents. of any permanent total disability payments until the amount which was overpaid to relator was refunded pursuant to R.C. 4123.511(J), and further ordering that money be used to reimburse the surplus fund which had already reimbursed the self-insured employer for the overpayment.
Findings of Fact:
 {¶ 6} 1. Relator sustained a work-related injury and his claim has been allowed for "aggravation of pre-existing coronary heart disease; acute inferior wall infarction."
 {¶ 7} 2. Relator filed an application for permanent total disability ("PTD") compensation and the application was granted. Pursuant to the order of the staff hearing officer ("SHO"), July 23, 1995 was used as the start date for payment of benefits.
 {¶ 8} 3. The self-insured employer filed a request to modify the start date of relator's PTD compensation.
 {¶ 9} 4. By order dated May 21, 1999, an SHO granted the motion and the previous order, dated August 19, 1998, was modified to reflect that the start date for PTD compensation would be May 27, 1997, instead of July 23, 1995.
 {¶ 10} 5. Thereafter, the self-insured employer requested the Ohio Bureau of Workers' Compensation ("BWC") grant the self-insured employer's "request for surplus fund reimbursement in the amount of $21,917.51," because relator had been overpaid "permanent total disability compensation from July 23, 1995 through May 26, 1997 inclusive, at the rate of $227.63 per week."
 {¶ 11} 6. By letter dated January 30, 2002, the BWC granted the self-insured employer's request to the following extent:
Your request for reimbursement was granted in the amount of$13,950.14. While reviewing the claim file information the SI department determined that there is an ongoing issue related to a future award. If the injured worker is awarded future compensation[,] the employer must withhold the overpayment amount from the injured worker pursuant to O.R.C. 4123.511(J). This amount must be forwarded to the Self-Insured department and the BWC will credit this amount to the Self-Insured portion of the surplus fund.
(Emphasis sic.)
 {¶ 12} 7. Relator filed a motion requesting the commission order the self-insured employer to cease withholding the overpayment from his compensation.
 {¶ 13} 8. The matter was heard before an SHO on February 26, 2003, and resulted in an order granting relator's request and ordering the self-insured employer to cease withholding future payments from relator's PTD payments "because there is no statutory provision for such action."
 {¶ 14} 9. The administrator of the BWC filed an appeal to the full commission and the matter came before the commission on July 22, 2003. The commission granted the administrator's request for reconsideration and vacated the February 26, 2003 SHO order. The commission determined that the BWC's policy reimbursing overpayments from the surplus fund and requiring self-insured employers to recollect the overpayment from the injured workers was proper as follows:
As to the merits, the parties agree that the injured worker was overpaid permanent total disability compensation from 07/23/1995 through 05/25/1997.
The overpayment occurred because of a change in the start date for permanent total disability payments from 07/23/1995 to 05/26/1997. The order changing the start date to 05/26/1997 was issued on 05/21/1999. By that time, the self-insuring employer had already paid the injured worker permanent total disability compensation from 07/23/1995 through 05/25/1997. In accordance with the provision of R.C. 4123.511(J), the self-insuring employer began withholding compensation from the injured worker's compensation awards. R.C. 4123.511(J) provides that an employer "shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future," twenty-five percent of any permanent total disability payments "until the amount overpaid is refunded."
On 12/12/2001, the self-insuring employer sent a letter to the BWC requesting reimbursement from the surplus fund for the overpayment, based on State ex rel. Sysco Food Serv. ofCleveland, Inc. v. Indus. Comm. (2000), 89 Ohio St.3d 612. That case holds, in referring to the recoupment provision of R.C.4123.511(J), that "a remedy that may or may not occur, may or may not make a full restitution, or may take years to fulfill cannot be considered meaningful." The Court agrees that there is a "right to a remedy guaranteed by Section 16, Article I of the Ohio Constitution," and that the opportunity for such remedy must be "granted at a meaningful time and in a meaningful manner." The Court ordered surplus fund reimbursement to the employer in the case and found that, "Unfortunately, R.C. 4123.511(J) offers little relief to the self-insured employer, for it is, at best, speculative. No self-insuring employer is ever guaranteed full reimbursement. The entire scheme hinges on the employee's seeking additional compensation, which may never occur."
By payment order, dated 01/30/2002, the BWC granted the self-insured employer surplus fund reimbursement. By letter, dated 01/30/2002, the BWC also instructed the self-insuring employer to continue withholding from future compensation awards and to forward the withheld amount to the BWC self-insured department for credit to the self-insured portion of the surplus fund.
The injured worker's representative argues in her brief that there is no statutory requirement that the surplus fund be reimbursed by the self-insuring employer. The BWC's policy of reimbursing overpayments from the surplus fund and requiring self-insuring employers to recollect the overpayments from the injured workers was implemented by the BWC in response to Sysco. This policy prevents a self-insuring employer from obtaining a double recovery, while still upholding R.C. 44123.511(J) and prevents an injured worker from receiving compensation to which he is not entitled.
Therefore, the Industrial Commission finds that this argument has no merit and that the motion filed by the injured worker on 07/29/2002, is denied.
 {¶ 15} 10. Relator's request for reconsideration was denied by order of the commission mailed July 28, 2004.
 {¶ 16} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 17} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 19} The sole issue in this case is whether or not the commission abused its discretion by ordering the self-insured employer to withhold amounts from compensation, pursuant to R.C.4123.511(J), in order to recoup money which had been paid to an injured worker but which the injured worker was not entitled to receive, and which had subsequently been paid back to the self-insured employer from the surplus fund pursuant to the Supreme Court of Ohio's decision in State ex rel. Sysco FoodServ. of Cleveland, Inc. v. Indus. Comm. (2000),89 Ohio St.3d 612. For the reasons that follow, the magistrate finds that the commission did not abuse its discretion.
 {¶ 20} In Sysco, the employer was self-insured. The claimant had his claim allowed and the self-insured employer was ordered to pay temporary total disability ("TTD") compensation. Ultimately, the claimant's claim was disallowed in its entirety by the Cuyahoga County Court of Common Pleas and the Cuyahoga County Court of Appeals affirmed that decision. No further appeal was taken. The self-insured employer moved the commission for reimbursement from the state surplus fund for the amount of $32,748.59 in compensation and benefits which it had been required to pay in the claim. The commission denied the employer's request, ruling that the employer's recovery rights were governed by R.C. 4123.511(J) which requires reimbursement via an off-set from any future claims made by the claimant.
 {¶ 21} The employer filed a mandamus action and argued that, R.C. 4123.511(J), as applied to self-insured employers, denied them, among other things, the right to a remedy guaranteed by Section 16, Article I, of the Ohio Constitution, and asserting that R.C. 4123.512(H) must be read as preserving the right to surplus fund reimbursement in order to maintain the recovery scheme's constitutionality. The court agreed and determined that the self-insured employer had the right to recover from the surplus fund the TTD compensation the self-insured employer paid out to the claimant.
 {¶ 22} As the court explained in Sysco, the graduated withholding schedule which allowed the claimant to retain some amount of weekly benefit during the repayment process, had the advantage of eliminating or reducing the amount of what previously would have been a windfall to the claimant, because claimants rarely had to repay overpaid funds. However, as the court noted, R.C. 4123.511(J) offered little relief to the self-insured employer because they were never guaranteed full reimbursement. The entire scheme hinged on the claimant's seeking additional compensation in the future, an act which may never occur. As such, the court held that self-insured employers could be reimbursed from the surplus fund in full amounts which a self-insured employer overpaid to the claimant.
 {¶ 23} The issue before this court now concerns whether or not claimant, relator herein, should be permitted to keep the compensation overpaid to him simply because the self-insured employer has not suffered a financial loss because the self-insured employer has been reimbursed from the surplus fund. As such, the question becomes whether or not the commission abused its discretion in utilizing R.C. 4123.511(J) to reimburse the surplus fund, pursuant to the graduated scheme provided for by R.C. 4123.511(J), for the amounts overpaid to the claimant.
 {¶ 24} R.C. 4123.511(J) provides, in pertinent part, as follows:
Upon the final administrative or judicial determination under this section or section 4123.512 of the Revised Code of an appeal of an order to pay compensation, if a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal, the claimant's employer, if a self-insuring employer, or the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future * * *, the amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled, pursuant to the following criteria:
* * *
(3) Twenty-five per cent of any compensation paid pursuant to section 4123.58 of the Revised Code until the amount overpaid is refunded;
* * *
The administrator and self-insuring employers, as appropriate, are subject to the repayment schedule of this division only with respect to an order to pay compensation that was properly paid under a previous order, but which is subsequently reversed upon an administrative or judicial appeal. * * *
 {¶ 25} The magistrate finds that, although the statute itself is silent as to whether or not the BWC's surplus fund can be reimbursed, the statute does permit the bureau to be reimbursed and that such reimbursement is consistent with the goals of the Workers' Compensation Act and the policies that provide that claimants are not entitled to windfalls of compensation where they have been wrongfully paid.
 {¶ 26} Relator's argument is that the self-insured employer has to make a choice: either the self-insured employer can recoup the overpayment directly from the claimant, or the self-insured employer can seek reimbursement from the surplus fund. If the self-insured employer chooses to be reimbursed from the surplus fund, relator argues that the BWC is estopped from ever recouping the overpayment from him and that he can keep any amounts wrongfully paid to him, in the instant case, almost $14,000. Relator asserts further that the surplus fund can only be replenished through future rate increases. This magistrate finds that this conclusion is untenable and does not comport with the intention of the General Assembly or with the holdings of the Supreme Court of Ohio. Claimants are entitled to receive the compensation due them but are not entitled to receive a windfall when they are paid money to which they are not entitled. In the present case, relator is entitled to receive PTD compensation and is going to receive only that amount of PTD compensation to which he is actually entitled — no more and no less. As such, the magistrate finds that it was reasonable for the commission to order the money overpaid to relator to be recouped from future awards and be returned to the surplus fund in the same method provided for in R.C. 4123.511(J). This method permits the claimant to retain compensation on a regular basis while, at the same time, reimbursing the surplus fund the money which was paid to relator by the self-insured employer in error and to which relator was not entitled.
 {¶ 27} As such, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion and relator's request for a writ of mandamus should be denied.